BOB TAYLOR v. THE STATE.

No. 3639.   Decided June 24, 1908.

1.—Local Option—Loan—Gift.

Where upon trial of a violation of the local option law, the State's theory of the case was a loan and that of the defendant a gift, and the evidence tended to show that the transaction was a gift between defendant and prosecuting witness and the State failed to show a loan, the conviction could not be sustained.

2.—Same—Evidence.

Upon trial of a violation of the local option law testimony that the defendant signed the bonds for other parties charged with violating the local option law was inadmissible.

3.—Same—Evidence.

Upon trial of a violation of the local option law, testimony that defendant had been enjoined from running a ten pin alley was inadmissible either for impeachment or as original evidence.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for violating the local option law.

The alleged purchaser, McHorse, testified that he went into the club-room of Dave Coleman and told him that he wanted some whisky for Christmas day, and gave him an order for a quart of whisky for that purpose. Having given the order, he asked appellant if he could let him have a quart, and that when his, the witness' whisky came he would pay it back. Coleman told him that he could not let him have it; that he did not have any, but perhaps he might borrow it from the defendant. The witness stated that he turned to appellant who was in the room, and asked him if he would loan him a bottle of whisky until his came; that he had ordered a quart through Mr. Coleman, and that when it came appellant could take it, and told Coleman when it did come to turn it over to appellant, and appellant told Coleman to let witness have a quart bottle of his whisky. Coleman said to appellant, "You have only two or three quarts left." That appellant was present during the conversation. Coleman handed witness the whisky from behind the bar, which was a plain bottle or flask with no label on it. Appellant was to get witness' whisky when it came. The witness states he has never seen the whisky he ordered. He further states, "I do not know for certain that the defendant heard me say that I wanted to borrow the whisky, but I said it loud enough for him to hear it. Appellant denied the whole trans-action; that he had never loaned the witness McHorse any whisky. That he was passing through Coleman's place of business and the witness McHorse hailed him and asked him if he would let him have a bottle of whisky. He told McHorse that he would if he had any. McHorse stated to appellant that he wanted it for Christmas purposes, and appellant then said to Coleman, "See if I have any whisky there," and he said, "You have two or three bottles." "I then told Coleman to give McHorse a bottle of my whisky. I gave it to McHorse. I never loaned it to him and never thought of such a thing as loaning him the whisky." He further testified that he never received any whisky in re-turn for that which he let McHorse have; did not know the witness McHorse had ordered any whisky from Coleman from that day until this, that he was in no way interested in the club business with Dave Coleman. He stated that his business was real estate and farming at that time, and that he was hard of hearing.

Under the State's theory of this case this was a loan of whisky to be returned when the witness McHorse's whisky should reach its point of destination. Under the defendant's theory it was a gift. Under no possible view of the facts incorporated in the record did appellant ever receive the whisky. He denied receiving it, and the State did not prove its reception by him. If there was any understanding between appel-lant and Coleman that this was a subterfuge by which a sale could be consummated, and that it was Coleman's whisky that went to McHorse under a simulated accommodation loan, there might be a conviction, but as we understand the facts in this case they are similar to those

discussed in the case of Coleman v. State, No. 3640, this day decided, and we refer to that case for a review of this question.

While appellant was testifying in his own behalf, on cross-examination, he was asked, "Is it not a fact that you signed the bonds of all the other parties charged with violating the local option law in precinct No. 7 of Coleman County, Texas?" Objection was urged as to its materiality and admissibility, and that it was prejudicial to appellant, and that the State was seeking to prove other violations of the local option law in said precinct No. 7. The objections being overruled, appellant was required to testify that he was on the bond of some of the defendant's who were charged with violating the local option law, and said answer was considered by the jury. We are of opinion that this evidence was inadmissible. It could not prove nor tend to prove the fact that he may have loaned or sold the whisky in this case to the alleged purchaser, and its effect upon the jury was evidently injurious, because it was intended to and doubtless did have the effect to produce in the minds of the jury that appellant loaned it to him and never thought of such a thing as loaning him the whisky. He further testified that he never received any whisky in return for that which he let McHorse have; did not know the witness McHorse had ordered any whisky from Coleman from that day until this; that he was in no way interested in the club business with Dave Coleman. He stated that his business was real estate and farming at that time, and that he was hard of hearing.

While appellant was testifying in his own behalf, on cross-examination, he was asked: "Is it not a fact that you signed the bonds of all the other parties charged with violating the local option law in precinct No. 7 of Coleman County, Texas?" Objection was urged as to its materiality and admissibility, and that it was prejudicial to appellant, and that the State was seeking to prove other violations of the local option law in said precinct No. 7. The objections being overruled, appellant was required to testify that he was on the bond of some of the defendants who were charged with violating the local option law, and said answer was considered by the jury. We are of opinion that this evidence was inadmissible. It could not prove nor tend to prove the fact that he may have loaned or sold the whisky in this case to the alleged purchaser, and its effect upon the jury was evidently injurious, because it was intended to and doubtless did give the effect to produce in the minds of the jury that appellant was aiding all the parties in the supposed violations of the local option law whose bonds he had signed.

The county attorney was permitted over objection to further prove by defendant that he (appellant) had been enjoined by the district court from running a ten pin alley in the town of Santa Anna. We are of opinion this was not legitimate evidence for the purpose of impeachment, nor was it admissible as original evidence. Appellant was charged with violating the local option law in that he loaned to Mc-

Horse a bottle of whisky. The loan occurred, if at all, in Coleman's clubroom. The State was permitted to prove the fact that appellant had been enjoined from running a ten pin alley in the town of Santa Anna. Perhaps if he had been charged with a violation of the gambling act or convicted of it, it might be used for purpose of impeachment, but the fact that an injunction order had been entered in a civil proceeding, is not, in our judgment, legitimate to prove a sale of whisky or to impeach in this case.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*