## D. McGary v. The State.

### No. 4634.   Decided October 31, 1917.

**1.—Occupation—Intoxicating Liquors—Evidence—Reputation.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence as to the pursuit of the occupation of selling intoxicating liquors was quite meager, and there was evidence introduced as to defendant's reputation as a bootlegger, presumably on the issue of suspended sentence, the court should have submitted a requested charge that proof of general reputation alone was not sufficient to prove that defendant was engaged in the business of unlawful sale of intoxicating liquors. It is only in prosecutions for keeping a disorderly house that such testimony can be introduced and even there it is not sufficient to convict.

**2.—Same—Rule Stated—Character Evidence—General Reputation.**

The general rule is that where character evidence is introduced it should be restricted to the purpose for which it is admissible, and in the instant case in view of the meager evidence tending to show the pursuit of the occupation it was error to refuse the requested charge. Following Clifford v. State, 178 S. W. Rep., 765.

Appeal from the District Court of Nolan.   Tried below before the Hon. W. W. Beall.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. Vard Woodruff* and *Jno. J. Ford*, for appellant.—On question of general reputation: Oliver v. State, 69 Texas Crim. Rep., 263, 152 S. W. Rep., 1066; Bryce v. State, 179 S. W. Rep., 1178, and cases cited in opinion.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, Judge.—Appellant's conviction was for violating the law prohibiting the pursuit of selling intoxicating liquors in territory where its sale was prohibited. There was evidence sufficient to justify the finding that appellant sold a quart of whisky to two of the parties

named in the indictment, about the time therein charged. The other evidence as to the pursuit of the occupation or business of selling intoxicating liquor was quite meager.

There were circumstances showing that another party got a bottle of whisky from appellant's house about the same time, though the evidence leaves it in question as to whether it was gotten from appellant or another person who was present. Appellant called the agent of the Wells-Fargo and American Express Companies to negative that he had been receiving shipments of intoxicating liquor. From his testimony it appeared that the records produced by him disclosed no shipments of intoxicating liquor to appellant. It was shown, however, that there was one gallon consigned on June 10th to Phil McGary, who was shown to be the wife of appellant. No other shipments were shown. The record indicates that the nearest points from which intoxicating liquors were obtained were San Angelo and Fort Worth. The evidence does not connect appellant with receipt of the gallon of liquor consigned to Phil McGary, further than it might be inferred from their relationship. The transactions on which the indictment was founded occurred from the 15th of June to the 4th of July.

On the trial the State proved that appellant had a bad reputation for being a bootlegger of intoxicating liquors, or an unlawful vendor of intoxicating liquor. We assume that this evidence was introduced as bearing upon the issue presented by the suspended sentence as it would not have been admissible for the State to prove appellant's guilt by proving his reputation as a bootlegger. Wharton on Crim. Ev., sec. 255, p. 481; Hartless v. State, 32 Texas, 89; Thompson v. State, 38 Texas Crim. Rep., 340; Fannin v. State, 51 Texas Crim. Rep., 41; Branch's Ann. P. C., p. 84, sec. 148, and cases listed. In disorderly house cases there is an exception to the general rule permitting the introduction of such testimony, but in such cases proof of general reputation is held insufficient to convict. Clifford v. State, 77 Texas Crim. Rep., 204, 178 S. W. Rep., 365.

The appellant requested the court to instruct the jury that proof of general reputation alone was not sufficient to prove that appellant was engaged in the business of the unlawful sale of intoxicating liquor. The general rule is that where character evidence is introduced it should be restricted to the purpose for which it is admissible. Vernon's C. C. P. p. 604, note 32, and cases cited. And in this case, in view of the meager evidence tending to show the pursuit of the occupation charged we think it error to refuse the requested charge.

The other assignments of appellant do not present reversible error.

For the error pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*