CHARLIE ALEXANDER v. THE STATE.

No. 5643.  Decided February 11, 1920.

1.—*Occupation—Intoxicating Liquor—Evidence—General Reputation.*

Where, upon trial of pursuing the occupation of selling liquor in violation of the prohibition law, the court admitted testimony that the general reputation of defendant as a bootlegger and seller of intoxicating liquors was bad in the community where he lived and where the offense was alleged to have been committed, the same was reversible error. Distinguishing: Sasser v. State, 73 Texas Crim. Rep., 539, 166 S. W. Rep., 1160.

2.—*Same—Evidence—Moral Turpitude.*

As explained by the trial court that the offenses inquired about were felonies, and no objection having been made to the form of the question, there was no error in the State propounding the question to the defendant while on the witness stand as to how many times he had been indicted for selling whisky.

3.—Same—Evidence—Injunction—Presumption of Innocence.

Upon trial of pursuing the occupation of selling intoxicating liquors in violation of the prohibition law, it was reversible error to ask defendant and show while on the witness stand if it was not a fact that an injunction petition had been filed against him by the county attorney in the District Court in the county of the prosecution alleging that he was selling intoxicating liquors, etc., as the defendant was presumed to be innocent until his guilt was established by legal evidence.

Appeal from the District Court of Kaufman. Tried below before the Hon. Joel R. Bond, judge.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ross Huffmaster, Wynne & Wynne,* for appellant.—On question of general reputation: Fannin v. State, 51 Texas Crim. Rep., 41; McGary v. State, 82 Texas Crim. Rep., 54, 198 S. W. Rep., 547.

On question of injunction suit: Taylor v. State, 54 Texas Crim. Rep., 90, 111 S. W. Rep., 932.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County, of the offense of pursuing the occupation of a retail liquor dealer in said county, in which the sale of liquors had been forbidden by law, and his punishment fixed at two years confinement in the penitentiary.

The second, sixth, eleventh, twelfth, and twenty-fifth grounds here urged for reversal, complain that the State was allowed to prove by a number of witnesses that the general reputation of appellant as a bootlegger and seller of intoxicating liquors, was bad in the community where he lived, and where this offense was alleged to have been committed. Objection to said testimony was preserved by proper bills of exception, in his approval of which, the learned trial court says that such evidence was admitted upon the authority of Sasser v. State, 73 Texas Crim. Rep., 539, 166, S. W. Rep., 1160. It is to be regretted that the opinion in said case did not more fully set out the facts which led to the holding, for it will be manifest that if such facts had appeared, the trial court in the instant case would have ruled differently. By reference to the original record in the Sasser case, *supra,* which is on file with the clerk of this Court, and which is examined and referred to in order to correct any apparently misleading statement in the opinion in said case, it is disclosed that the State's testimony as to the bad reputation of the appellant, in regard to selling intoxicating liquors, as is set forth in said Sasser case, was introduced

by the State in rebuttal, and after the defendant, while introducing his testimony, had placed in issue his own general reputation, both for truth and veracity, and as a peaceable and law-abiding citizen. The State in such case was within the rules laid down.

One on trial for a crime, who voluntarily lets down the bars, and seeks to prove a good reputation as a peaceable and law-abiding citizen, subject himself to the counter-attack of the State, by way of proving his bad reputation, in regard to the particular crime charged, or others made permissible by law, but we know of no authority which holds admissible against an accused his bad reputation, until, in some manner, he has made the same an issue. Branch's Ann. Penal Code, Sec. 148; McGary v. State, 82 Texas Crim. Rep., 54. If the accused becomes a witness in his own case, he thus puts in issue his reputation for truth and veracity; if he attempts to establish for himself affirmatively a good reputation as a peaceable, law-abiding citizen, or to file an application for a suspended sentence, etc., he thus opens up the issue generally.

The trial court did not err in overruling the objection as made to the State's question to appellant while on the witness stand in his own behalf, as to whether or not, and how many times he had been indicted for selling whisky in his county. If such sale was a felony, such indictment is provable as affecting appellant's credibility as a witness. The explanation of the trial court to the bills of exception, states that such offenses inquired about, were felonies, and we observe that no objection was made to the form of question.

We held in Taylor's case, 54 Texas Crim. Rep., 90; 111 S. W. Rep., 932, that it was error to attempt to impeach a witness by proof of the fact that he had been injoined in a civil proceeding. During the trial of the instant case, and while a witness on the stand, appellant was asked if it was not a fact that an injunction petition had been filed against him by the county attorney, in the District Court of Kaufman County, in which it was alleged that appellant was selling intoxicating liquor, and if appellant or his attorneys did not withdraw their answer in the said proceeding and permit a judgment to be entered against appellant by default? Objection was made to this, and was overruled. Appellant answered that he had withdrawn his answer in said proceeding. He was then asked if he did not know that in said petition it was alleged that his "said cider was intoxicating?" and again objection was made and overruled; and appellant answered that he did. We think the fact that an injunction was filed, asking that one be enjoined from doing a certain act, is not evidence that he did such act; nor is the fact that he permitted a judgment by default to be entered, directing and commanding him to refrain from so doing, to be taken in a criminal case as evidence that he committed the act. As far as the criminal feature of said transaction is concerned, the presumption of law would be that he did not do the

act, was innocent in the matter, that no objection by him to such proceeding was necessary, and that for that reason he made none. Nor would knowledge on his part that the State's attorney had written in his petition that "said cider" was intoxicating, change the legal aspect of the matter, or the attitude of the appellant. If this were not true, then the mere writing in an indictment that one is guilty of doing certain criminal acts, would justify a presumption in the eyes of the law that the party charged was guilty, and the indictment might be introduced in evidence as testimony tending to prove his guilt. If he was in fact asked about the charge in the indictment, and he said that he knew of the facts that were charged against him, we know of no rule of law that would hold such testimony admissible.

For the errors indicated, the judgment of the trial court will be reversed, and the cause remanded.