We have a statute (article 814, C. C. P.) in which it is said:

"It is competent in every case to give evidence of handwriting by comparison, made by experts or by the jury; but proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

This statute does not preclude the proof of forgery by circumstantial evidence (Branch's Annotated Texas Penal Code, § 1415; Batte v. State, 57 Tex. Cr. R. 128, 122 S. W. 561); and similarity of handwriting in the alleged forged instrument, and others that may be legally used for comparison in a particular case may be one of the circumstances, but it has always been regarded as feeble. Jones v. State, 7 Tex. App. 460. In the present instance, this is particularly so, in that the opinion of the expert is based upon the similarity of but one figure. He claims that in the figure 7 upon the spurious instrument there was a peculiarity similar to that on the same figure in an admitted document.

There are other circumstances relied on by the state, but on the whole the evidence is not conclusive of appellant's guilt; does not make it appear with reasonable certainty. Particularly is this true when it is recalled that, to be sufficient in the instant case, it must meet the test applied to circumstantial evidence.

The evidence that the alteration was in appellant's handwriting was entirely inadequate; the instrument on its face bore unmistakable evidence of an alteration, with no indication of any effort to conceal that fact. The appellant's conduct in overdrawing his account is reasonably explained. That he had a bank account in Ft. Worth in which he could have drawn the $107 check is not contradicted. Appellant's conduct in demanding a statement, and sending the altered deposit slip to Santo for inspection, are facts consistent with his theory of mistake, and not inconsistent with his innocence. His statement before the grand jury, made soon after his arrest, is in harmony with his testimony.

[4] The reputation of appellant was put into the case, and some testimony adduced to the effect that his reputation for honesty and fair dealing at Strawn, where he formerly lived, was bad. Some of this testimony apparently went back as far as 1882, and in connection with the matter it appeared that appellant's business house had at one time burned, and that suspicion of arson was aroused against him. There was no arrest, and he explained that his property was only partially insured, he having none on his building. We think as the record is presented this testimony was legitimate, and it doubtless had a potent effect in discrediting appellant, but it cannot be used to support the conviction here, in the absence of facts of sufficient cogency to prove his guilt of the offense involved in this appeal.

The judgment is reversed, and the cause remanded.

---

ALEXANDER v. STATE. (No. 5643.)

(Court of Criminal Appeals of Texas. Feb. 11, 1920.)

1. INTOXICATING LIQUORS ⊜⇒227—IN PROSECUTION OF ALLEGED RETAIL LIQUOR DEALER TESTIMONY AS TO DEFENDANT'S BAD REPUTATION AS TO SALES OF INTOXICANTS INADMISSIBLE.

In a prosecution for pursuing the occupation of a retail liquor dealer in a county where the sale was forbidden, where defendant did not put in issue his reputation, evidence as to his bad reputation as a seller of intoxicating liquors is inadmissible.

2. CRIMINAL LAW ⊜⇒378 — RULE AS TO ADMISSIBILITY OF EVIDENCE OF DEFENDANT'S REPUTATION STATED.

Where a defendant seeks to prove a good reputation as a peaceable, law-abiding citizen, the state may prove his bad reputation, and, if defendant becomes a witness, he puts in issue his reputation for truth and veracity, while, if he moves for a suspended sentence, he opens generally the issue of his reputation.

3. WITNESSES ⊜⇒350—DEFENDANT WHO TESTIFIES MAY BE CROSS-EXAMINED AS TO WHETHER HE WAS INDICTED FOR FELONIES.

Where defendant, who was charged with pursuing the occupation of retail liquor dealer in a county where sale was forbidden, took the stand, it was permissible for the state to inquire as to whether or not and how many times he had been indicted for selling whisky; it appearing that the indictments charged felonies.

4. WITNESSES ⊜⇒350—IN A PROSECUTION OF ALLEGED RETAIL LIQUOR DEALER CROSS-EXAMINING DEFENDANT AS TO WHETHER HE HAD BEEN ENJOINED WAS IMPROPER.

Where defendant was charged with pursuing the occupation of retail liquor seller in a

county where the sale of intoxicants was forbidden, it was improper to allow the state to cross-examine defendant, who took the stand, as to whether a bill seeking an injunction and alleging that he was selling intoxicating liquors had not been filed, and whether he allowed decree to go by default.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Charlie Alexander was convicted of the offense of pursuing the occupation of a retail liquor dealer in a county in which the sale of intoxicants was forbidden by law, and he appeals. Reversed and remanded.

Ross Huffmaster and Wynne & Wynne, all of Kaufman, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Kaufman county of the offense of pursuing the occupation of a retail liquor dealer in said county, in which the sale of liquor had been forbidden by law, and his punishment fixed at two years' confinement in the penitentiary.

[1, 2] The second, sixth, eleventh, twelfth, and twenty-fifth grounds here urged for reversal complain that the state was allowed to prove by a number of witnesses that the general reputation of appellant as a bootlegger and seller of intoxicating liquors was bad in the community where he lived, and where this offense was alleged to have been committed. Objection to said testimony was preserved by proper bills of exceptions, in his approval of which the learned trial court says that such evidence was admitted upon the authority of Sasser v. State, 73 Tex. Cr. R. 539, 166 S. W. 1160. It is to be regretted that the opinion in said case did not more fully set out the facts which led to the holding, for it will be manifest that, if such facts had appeared, the trial court in the instant case would have ruled differently. By reference to the original record in the Sasser Case, supra, which is on file with the clerk of this court, and which is examined and referred to in order to correct any apparently misleading statement in the opinion in said case, it is disclosed that the state's testimony as to the bad reputation of the appellant, in regard to selling intoxicating liquor, as is set forth in said Sasser Case, was introduced by the state in rebuttal, and after the defendant, while introducing his testimony, had placed in issue his own general reputation both for truth and veracity and as a peaceable and law-abiding citizen. The state in such case was within the rules laid down.

One on trial for a crime, who voluntarily lets down the bars and seeks to prove a good reputation as a peaceable and law-abiding citizen, subjects himself to the counter attack of the state, by way of proving his bad reputation in regard to the particular crime charged, or others made permissible by law, but we know of no authority which holds admissible against an accused his bad reputation until in some manner he has made the same an issue. Branch's Ann. Penal Code, § 148; McGary v. State, 198 S. W. 574. If the accused becomes a witness in his own case, he thus puts in issue his reputation for truth and veracity; if he attempts to establish for himself affirmatively a good reputation as a peaceable, law-abiding citizen, or to file an application for a suspended sentence, etc., he thus opens up the issue generally.

[3] The trial court did not err in overruling the objection as made to the state's question to appellant while on the witness stand in his own behalf as to whether or not and how many times he had been indicted for selling whisky in his county. If such sale was a felony, such indictment is provable as affecting appellant's credibility as a witness. The explanation of the trial court to the bills of exception states that such offenses inquired about were felonies, and we observe that no objection was made to the form of question.

[4] We held in Taylor's Case, 54 Tex. Cr. R. 90, 111 S. W. 932, that it was error to attempt to impeach a witness by proof of the fact that he had been enjoined in a civil proceeding. During the trial of the instant case, and while a witness on the stand, appellant was asked if it was not a fact that an injunction petition had been filed against him by the county attorney in the district court of Kaufman county in which it was alleged that appellant was selling intoxicating liquor, and if appellant or his attorneys did not withdraw their answer in the said proceeding and permit a judgment to be entered against appellant by default. Objection was made to this, and was overruled. Appellant answered that he had withdrawn his answer in said proceeding. He was then asked if he did not know that in said petition it was alleged that his "said cider was intoxicating," and again objection was made and overruled, and appellant answered that he did. We think the fact that an injunction petition was filed asking that one be enjoined from doing a certain act is no evidence that he did such act; nor is the fact that he permitted a judgment by default to be entered directing and commanding him to refrain from so doing to be taken in a criminal case as evidence that he committed the act. As far as the criminal feature of said transaction is concerned, the presumption of law would be that he did not do the act, was innocent in the matter, that no objection by him to such proceeding was necessary, and that for that reason he made none. Nor would knowledge on his part that the state's attorney had written in his

petition that "said cider" was intoxicating change the legal aspect of the matter or the attitude of the appellant. If this were not true then the mere writing in an indictment that one is guilty of doing certain criminal acts would justify a presumption in the eyes of the law that the party charged was guilty, and the indictment might be introduced in evidence as testimony tending to prove his guilt. If he was in fact asked about the charge in the indictment, and he said that he knew of the facts that were charged against him, we know of no rule of law that would hold such testimony admissible.

For the errors indicated, the judgment of the trial court will be reversed, and the cause remanded.