### Ernest Mercer v. The State.

#### No. 2764.  Decided October 21, 1903.

**1.—Witness—Rebuttal of Corrupt Motive.**

When appellant had proven on cross-examination of a witness that he was paid $50 for expenses in coming to court as a witness, it was permissible for the State to introduce witnesses to prove that said witness had been paid said amount by them to disprove any corrupt motive on their part to bribe said witness.

**2.—Same—Recall of Witness.**

It is within the sound discretion of the court to permit the State to recall a witness to testify to the value of the property alleged to have been stolen, especially where it is shown that a witness for defendant had testified to this fact.

**3.—Same—Detective—Accomplice.**

    The State could show that a State's witness acted in the capacity of a detective and was not an accomplice in the crime, when that issue arose in the trial.

    Appeal from the District Court of Johnson.  Tried below before Hon. W. Poindexter.

    Appeal from a conviction of theft of a buggy and harness; penalty, two years imprisonment in the penitentiary.

    The opinion states the case.

    No brief on file for appellant.

    *Howard Martin,* Assistant Attorney-General, for the State.

    BROOKS, JUDGE.—Appellant was convicted of the theft of a buggy and set of harness, and his punishment assessed at two years confinement in the penitentiary. This is the second appeal. The former appeal being reported in 4 Texas Ct. Rep., 70.

    By the first bill of exceptions appellant complains that the court permitted the State to prove by the witness Hubbard that R. M. Warren and six other citizens paid his expenses to attend court as a witness in this case. The objections are that the same is immaterial, irrelevant and calculated to prejudice the jury against defendant, and caused the jury to believe that the parties named as contributors believed defendant was guilty and permitted to be paraded before the jury the names of said parties for said purpose, thereby prejudicing the rights of said defendant. The bill shows that appellant had proven on cross-examination of the witness that he was paid $50 for expenses in coming to court as a witness in this case. Then clearly it was permissible for the State to introduce witnesses to prove that he had been paid said amount by them. It would seem appellant's purpose in proving the witness had been paid $50 was to indicate to the jury that the witness had been bribed. Then, any testimony that tends to disprove any corrupt motive on the part of witness, such as this bill discloses, would be proper.

    Bill number 2 complains that the court committed error in permitting the State to recall witness Sansom to testify to the value of the alleged stolen property; the contention being that his testimony was not in rebuttal of any testimony introduced by him after the State had made out its case. The explanation of the court shows that Eddlebrock had testified to the value of the harness, being a witness for defendant. Furthermore, the introduction of witnesses before argument commences is within the sound discretion of the court.

    The third bill complains of the action of the court permitting Jim Ellis to testify that he had procured witness Hubbard to act in the capacity of detective to ferret out crime. In this there was no error. It appears there was an issue in the trial of the case as to whether Hubbard was an accomplice in the crime. Appellant's contention being that

he was, while the State's contention was that he was acting in the capacity of detective. We do not think there was any error in the ruling of the court.

Appellant's insistence in his motion for new trial is that the evidence is not sufficient to support the verdict, because the value of the property is not shown to be $50. The State's evidence shows it was more than $50, while defendant's evidence less. The jury have decided this conflict against appellant. If it be conceded that Jack Hubbard is not a detective but an accomplice, as appellant insists, yet his testimony is clearly corroborated by other evidence tending to connect defendant with the commission of this crime.

There is no error in the record and the judgment is affirmed.

*Affirmed.*