A. D. HARDIN v. FORT WORTH & DENVER CITY RAILWAY COMPANY.

Decided February 8, 1908.

1.—Carriers of Passengers—Degree of Care.

Carriers of passengers owe to their passengers the duty of exercising a very high degree of care, or the highest degree of care, and a charge which defines the degree of care in such cases as " a high degree of care" is subject to criticism for indefiniteness.

**2.—Same—Passenger on Freight Train—Assumption of Risk.**

In a suit by a passenger on a freight train against a railroad for personal injuries, a charge that if there was any difference in the safety of transportation on a freight train and on a passenger train the plaintiff assumed the increased risk, held inappropriate under the facts of this case.

**3.—Action—Pauper's Oath—Evidence of—Error.**

In a suit for damages for personal injuries the admission of testimony that the plaintiff was prosecuting the suit under a pauper's oath and that his son-in-law had refused to make a cost bond for him, held reversible error.

**4.—Evidence—Stenographer's Report—Construction.**

Where the testimony of a witness on a former trial is reproduced on a second trial from the stenographer's report of the first trial, and only a general objection is made to the evidence on the second trial, it will be presumed that the party objecting had in mind and intended to apply the same objections which were urged to said testimony on the first trial.

**5.—Personal Injuries—Report of Same—Rule—Evidence.**

In a suit against a railroad for personal injuries, it was error for the court to permit the defendant to prove that it had a rule in force which required the train crews to report the case of a man who got hurt on the train, and that it would go hard with any crew which did not do so, and this, though the evidence did not further show that no report had been made of the accident in question.

**6.—Witness—Attack on Character—Corroboration.**

In the absence of an attack on the character of a witness it is error to permit the witness to corroborate himself by a statement to the effect that he had testified several times in the case and that his testimony was the same every time and the same as the statement he made to an attorney for the defendant the first time he was questioned about it out of court. Evidence considered, and held insufficient to show an attack upon the character of the witness.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*Geo. A. Watts, P. M. Stine, J. A. Templeton* and *L. C. Barrett,* for appellant.—The court erred in permitting defendant to prove by plaintiff that he was prosecuting this suit on a pauper's oath.

The court erred in permitting the defendant to prove by Skinner's testimony, what would be the result if a man would get hurt and they failed to report it to headquarters. 3 Ency. of Evi., p. 814.

Former statements of witness are not admissible to support his testimony given on the trial unless character of witness has been attacked, and such former statements are then admissible only when made ante litam motam. Aetna Ins. Co. v. Eastman, 64 S. W. Rep., 863; Glover v. Coit, 81 S. W. Rep., 138, 139; Morton v. State, 71 S. W. Rep., 281, 282; McKnight v. State, 50 Texas Crim. Rep., 252; Corpus v. State, 51 Texas Crim. Rep., 315; 3 Jones on Evi., secs. 872, 873; 2 Wigmore on Evi., secs. 1122-1126, and notes.

A passenger on a freight train does not assume the hazard of the negligence of the crew operating such train. 4 Elliott on Railroads, sec. 1582.

*Spoonts, Thompson & Barwise,* for appellee.—In view of appel-

lant's contention that he had enjoyed a large earning capacity prior to his alleged injuries, which had been almost wholly destroyed thereby, and in view of the fact that he was claiming almost a fortune as a result of his injuries, it was competent for the appellee to discredit his testimony as to the large earnings which he had been able to make before his injury, by showing the fact that he was prosecuting this suit on an affidavit in lieu of a cost bond; this was a circumstance which was inconsistent with the general effect of his testimony on the issue of his large earning capacity.

In view of appellant's insinuations in the cross-examination of the witness Spencer that his testimony was manufactured and that the appellee's lawyer hunted him up and talked to him about the case, it was only fair to the witness and to the appellee to show that when thus first talked to he had stated the same facts as he had stated on the stand.

STEPHENS, ASSOCIATE JUSTICE.—For the fourth time this case is before us on appeal. The former judgments were reversed on account of errors in the charge of the court, as will be seen from the case as reported in 33 Texas Civ. App., 448, 41 Texas Civ. App., 19, and 100 S. W. Rep., 995. The charge is again complained of, but we doubt if the objections urged to the last charge would warrant a reversal of the judgment, though, in stating the degree of care which appellee owed appellant, in the second paragraph the court uses the rather indefinite expression "a high degree of care" instead of a very high degree of care or the highest degree of care. Also in the fourth paragraph of the charge the court instructed the jury that if under the testimony there was any difference in the safety to the passenger of freight train transportation and transportation on passenger trains, appellant assumed such increased hazard or risk incident to his transportation on a freight train. This, we think, was at least inappropriate and should have been omitted. Further than this we do not care to discuss the charge, since our views have been sufficiently expressed on that subject in the previous opinions.

Without, however, determining whether the objections to the charge above pointed out would require the judgment to be reversed, we are constrained to hold that the following rulings on the admission of testimony must have that effect: The appellee was permitted to prove, over the objections of appellant, that appellant was prosecuting this suit on a pauper's affidavit and that his son-in-law had refused to go on his bond for costs. This evidence was clearly irrelevant and could only have had the desired effect of placing appellant before the jury in an unfavorable light, to say the least of it. Appellee seeks in different ways to avoid the force of the ruling, but without undertaking to discuss the matter in detail, we think that the proceeding complained of, as set forth in the record, had a tendency to deprive appellant of a fair hearing before the jury.

We are also of opinion that appellee should not have been permitted to prove that it had a rule which was in force requiring

the train crew to report the case of a man who had got hurt on the train, and that it would go hard with the crew who did not do this. The answer to the assignment complaining of the admission of this testimony is twofold: First, that only a general objection was made to the evidence; second, that the testimony was harmless because the evidence did not further show that no report had been made of this accident.

It seems that this testimony was embodied in the stenographer's report of a former trial in which the testimony was objected to because it was irrelevant, immaterial and hearsay, but when this report was offered on the last trial the evidence was objected to generally and the ground of objection was not then specifically stated. We are inclined to the opinion, however, that appellant must have intended in making this objection to incorporate the ground of objection as set forth in the stenographer's report.

As to the other point, it is sufficient to say that the testimony afforded counsel an opportunity in the argument of the case to treat it as a circumstance tending to prove that no such accident as appellant claimed had occurred, there being no evidence that any such report had been made.

We are also inclined to the opinion that the court erred in permitting Robert Spencer to corroborate his own testimony with the statement that he had testified several times before, and that his testimony was the same every time and the same as was the statement he had made to Mr. Taylor, one of the attorneys for appellee, when first talked to about it out of court. Appellee seeks to justify this ruling on the ground that an attack had been made on the character of this witness by the following cross-examination: "Q. What is your name? A. Robert Spencer. Q. Who was it that found your testimony and found you? A. Found me? Q. Who found out what you would testify to on this case? A. When; this last time? Q. No; the first time that you were ever questioned about this matter. A. I believe that Mr. Jackson said something to me about the case—said there was a case in court. Q. Who came to you first? A. I believe that Mr. Taylor said something about it. Q. When I first asked you that, why did you not tell it right out? A. Well, it was not the first I heard of it," etc.

We hardly think this amounted to an attack on the character of the witness. The cases relied on by appellee went a good deal farther, we think, than this cross-examination. The questions propounded may have been intended as an insinuation against the veracity of the witness, but we hardly think that that was their necessary effect, because immediately following the question, "Who was it that found your testimony and found you?" which was the most insinuating of all, is a further question which seems to withdraw that construction by explaining what was meant by the question as follows: "Who found out what you would testify to on this case?"

Being unable to approve the rulings on the admission of testimony and to say that they were harmless, we are constrained to again reverse the judgment and remand the cause for a new trial.

*Reversed and remanded.*