### H. C. WALKER V. THE STATE.

No. 9837. Delivered March 17, 1926.

Rehearing denied April 28, 1926.

1.—**Murder—Bill of Exception—Challenge of Jurors—Incomplete—No Error Presented.**

Where a bill of exception complains that appellant's challenges of three jurors for the reason that on their voir dire examination they answered that they had conscientious scruples against the infliction of the death penalty as a punishment for crime, and the bill fails to show that appellant's peremptory challenges were exhausted, and fails to show that an objectionable juror sat on the trial of the case, such bill fails to show any error. Following Nairn v. State, 45 S. W. 104; Mancillas v. State, 76 S. W. 469.

2.—**Same—Special Venire—Motion to Quash—Properly Overruled.**

Where appellant complains of the court's action in refusing to quash the special venire for the reason that the jurors were not served in person, but were served by postal card, and the court's qualification to his bill states that the entire venire was present, except those excused by counsel, and by the court for legal reasons, or those who had removed from the county, no error is shown. The purpose of personal summons is to procure the attendance of the jurors. When his purpose is accomplished, the form of the summons is not available as a ground for quashing the

writ, unless some injury is shown. See Brown v. State, 222 S. W. 255, and other cases cited.

ON REHEARING.

3.—Same—Jurors—Challenge for Cause—No Reversible Error Shown.

Where the court overrules a proper challenge for cause, and the objectionable jurors are challenged peremptorily, and it is not shown that any objectionable jurors sat on the jury, no reversible error is shown, and unless the bill shows that one or more of the jurors who tried the case was an objectionable juror, the error of the court in overruling a challenge for cause made by the defendant will not work a reversal. See Myers v. State, 7 Tex. Crim. App. 653, and other cases cited, and cases collated in Branch's Ann. Tex. P. C., Sec. 543.

4.—Same—Challenge for Cause—Conscientious Scruples.

While it has never been held in this state that a challenge by the defendant of a juror because he has conscientious scruples against the infliction of the death penalty is a good challenge for cause, in other jurisdictions, with statutes like ours, conscientious scruples against the infliction of the death penalty is not available to the accused as a challenge for cause. See State v. Compagnet, 4 La. Ann. 1470; 21 Co. Rep. 46; Cyc. of Law & Proc., Vol. 24, p. 307, Note 75.

Appeal from the District Court of Young County. Trial below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

*Frank J. Ford* and *Marshall & King,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, and the punishment is imprisonment in the penitentiary for life.

There are but two bills of exceptions in the record. Bill No. one complains at the court's action in overruling his challenge to three of the jurors for the reason that said jurors on their voir dire answered that they had conscientious scruples against the infliction of the death penalty as a punishment for crime. The bill simply shows that defendant challenged said jurors for that reason and his challenge for cause was by the court overruled. The bill of exceptions nowhere shows that defendant's peremptory challenges were exhausted and it fails to show that an objectionable juror sat on the trial of the case. This bill fails to show any error. Nairn v. State, 45 S. W. 704. Mancillas v. State, 76 S. W. 469.

Bill of exceptions No. 2 complains at the court's action in

refusing to quash the writ of special venire for the reason that the jurors were not served in person but were served by a postal card. This bill is qualified by the court with the statement that the whole venire was present upon the call of this case except those who had been excused by counsel or by the court for legal reasons or who had removed from the county. There being perhaps two or three of the latter. "The purpose of the personal summons is to procure the attendance of the jurors. When that is accomplished by an irregular summons, the form of summons is not available as a ground for quashing the writ unless some injury is shown." Brown v. State, 222 S. W. 255, citing Whittington v. State, 215 S. W. 457. 12th American and English Encyclopedia of Pleading and Practice, p. 234.

There being no errors of procedure found in the record and the evidence being sufficient to support the verdict, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The correctness of the disposition of appellant's complaint in Bill of Exceptions No. 1 is called in question. It is believed that upon the reasons stated in the original opinion, the bill fails to show error. All that can be ascertained from the bill is that three of the veniremen declared on their voir dire that they had conscientious scruples against the infliction of the death penalty as a punishment for crime. The appellant's challenge for cause was overruled but he exercised peremptory challenges. In selecting the jury all of his peremptory challenges were exhausted. If the court's ruling was wrong, the facts stated in the bill would not require a reversal for the reason that it is made apparent that the veniremen did not sit upon the jury. It does not appear that any juror who was objectionable was impaneled. As we understand it, the precedents are to this effect: If it appears from the bill of exceptions that a good challenge for cause of a juror was erroneously overruled, the peremptory challenges of the appellant were exhausted, and an objectionable juror sat in the case, a reversal will be authorized. Rothschild v. State, 7 Texas Crim. App. 540; Branch's Ann. Texas, P. C., Sec. 542, in which

many cases are cited.   Unless the bill shows that one or more of the jurors who tried the case was an objectionable juror, the error of the court in overruling a challenge for cause made by the defendant will not work a reversal.   Myers v. State, 7 Texas Crim. App. 653; Loggins v. State, 12 Texas Crim. App. 72; Burrell v. State, 18 Texas Rep. 730; Villareal v. State, 61 S. W. 716; Mays v. State, 50 Texas Crim. Rep. 170; Hudson v. State, 28 Texas Crim App. 338; and other cases collated in Branch's Ann. Texas P. C., Sec. 543.

We are not to be understood, however, as intimating that the bill shows a good challenge for cause upon the part of the appellant.   So far as we are aware, the exact question has never been presented to this court.   We do find in other jurisdictions, however, with a statute like ours, that the possession of conscientious scruples against the infliction of the death penalty for crime is not available to the accused as a challenge for cause. See State v. Compagnet, 48 La. Ann. 1470, 21 So. 46; Cyc. of Law & Proc., Vol. 24, p. 307, Note 75.

The motion for rehearing is overruled.

*Overruled.*