LEWIS HOWARD V. THE STATE.

No. 11003. Delivered October 5, 1927.

1.— Delinquent Child — Declarations of Accused — Res Gestae — Properly Admitted.

Where a declaration of the accused, namely, "If they won't take me to jail, I won't do it again; the old gun just went off accidentally," was admitted, and the record is silent touching the proximity in time and place to the alleged assault, renders the bill insufficient to show that the declaration was not properly received as res gestae. See Stone v. State, 266 S. W. 900, and other cases cited.

2.—Same—General Reputation—When Not in Issue—Evidence On—Improperly Admitted.

Where, on the trial of a child charged with delinquency, the general reputation of the accused not having been put in issue, it was error to permit the state to show, by hearsay testimony, other acts of misconduct of the appellant. See Johnson v. State, 17 Tex. Crim. App. 565, and other cases cited.

3.—Same—Continued.

If, however, the issue had been properly before the jury, proof of specific matters on direct examination of a state's witness upon which he bases his knowledge or opinion of the reputation of the accused, are not admissible, nor is it proper to permit the witness to state in detail acts of misconduct of the accused in support of witness' opinion.

4.—Same—Age of Delinquent Child—Burden of Proof—Rule Stated.

Where, on the trial of a delinquent child, the proof shows the accused to be under thirteen years of age, the statute puts upon the state the burden of showing that he possessed sufficient discretion to understand the illegality of the act. See Art. 30, Vernon's Texas P. C., Vol. 1, p. 23, and cases collated.

5.—Same—Confession of Accused—When Binding on State.

Where the state introduces a declaration or confession of the accused, a part of which is inculpatory and a part exculpatory, the exculpatory declaration, unless disproved by other evidence in the record inures to the benefit of the accused. See Pickens v. State, 86 Tex. Crim. Rep. 657.

Appeal from the Juvenile Court of Sabine County. Tried below before the Hon. R. H. Dent, Judge.

Appeal from a conviction for being a delinquent child, penalty six months in the State Juvenile Training School at Gatesville.

The opinion states the case.

*Menton & Menton* of Hemphill, for appellant. On proof of other offenses on issue of general reputation, appellant cites: Johnson v. State, 266 S. W. 155; Rosamond v. State, 263 S. W. 297, and Venn v. State, 232 S. W. 822.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles.* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — The appellant has been adjudged a delinquent child, and condemned to confinement in the State Juvenile Training School at Gatesville for a term of six months.

In the information it is charged that the appellant made an assault with intent to murder upon Luther Woods, Dread Powell, Steve Powell, Daniel Coleman and Hugh Powell by shooting them.

From the state's testimony it appears that on Sunday two boys, Lewis Howard and Fred Low, were passed by the persons named in the information, who were riding in an automobile. According to the state's testimony, appellant had pulled off his shirt. One of the boys had a gun, and one of the men in the car called to them, stating that it was too cool to go in swimming. Appellant replied: "Go to hell." After the car had passed and gone some thirty or forty yards the persons in the car heard the report of a gun. It was found that a number of squirrel shot had struck the back end of the car. It was claimed by Dread and Steve Powell that each of them was struck with squirrel shot. taking effect upon the person of one of them in the neck and the other in the shoulder. Each of the persons in the car disclaimed any knowledge as to who fired the shot, but upon looking back the two boys were seen running in the opposite direction. The two Powells called upon a doctor who made an examination and found a hole in the neck of one of them and in the shoulder of the other, which might have been made by the entry of a squirrel shot, but the doctor, upon probe, was unable to find any such missile and was unable to say definitely the cause of the wounds. Upon the report of the matter, Robbins,

a deputy sheriff, took his pistol in his hand and went and met the boys and arrested them. According to his testimony, Low had a shotgun in his hand, and Howard said: "If they won't take me to jail, I won't do it again. The old gun just went off accidentally."

Howard, the father of Lewis Howard, stated that he did not allow his boy to go hunting on Sunday and did not know he had done so until after the occurrence upon which the prosecution rests.

Appellant testified that he was eleven years of age; that he and Fred Low were rabbit hunting with Mr. Dan Low's gun; that the gun was cranky, was an old gun and was very easy to go off; that shortly before they met the men, he and Fred were hunting in the woods and the gun went off and came near shooting Fred; that they were chasing a rabbit and that he got warm and pulled his shirt off. Four men in a car passed them. He said he did not curse them. He put his short on and picked up the gun and it went off accidentally like it had done in the woods. He said he did not shoot at the men and did not know he had shot them until one of them came back with a deputy sheriff; that he did not intend to shoot anyone.

Bill No. 2 relates to the declaration imputed to the appellant by the witness Robbins, namely: "If they won't take me to jail, I won't do it again; the old gun just went off accidentally." The silence of the record touching the proximity in time and place of the arrest to the alleged assault renders the bill insufficient to show that the declaration was not properly received as res gestae. Stone v. State, 265 S. W. 900; Hill v. State, 255 S. W. 433; Cavanar v. State, 99 Tex. Crim. Rep. 446.

In bill No. 4 it appears that the witness Edmond Willis was permitted to testify to a number of extraneous transactions in which he said that he had heard that the defendant had shot a rifle at Paul Kiser; that he had tried to run a horse over Ward Hamilton; that he had shot at Arthur Bell and Dewey Powell about six weeks before the date of the alleged offense; that he had shot at Lee Barthall about a month before; that he had heard that he carried a gun to school some six weeks before the date of the offense. We fail to perceive aught in the record warranting the state in inquiring into the general reputation of the appellant for peace and quietude. We understand that to be an issue which would come into the case alone upon the initiative of the accused. See Johnson v. State, 17 Tex. Crim. App. 565, and other cases collated in Branch's Ann. Texas P. C.,

Sec. 148; Underhill's Crim. Ev., 3d Ed., Sec. 507; Bishop's New Crim. Proc., Vol. 2, Sec. 1119. However, assuming that the issue was properly before the court, the rules of evidence do not sanction the proof, on direct examination of a state's witness of the specific matters upon which he bases his opinion or knowledge of the reputation of the accused. A character witness may, on cross-examination, be interrogated touching the facts upon which he bases the reason for his opinion as a means of testing his knowledge. In the present instance, however, the state seems to have called a witness to testify that the accused bore a bad reputation in the respect mentioned, and then permitted the witness to state the various matters detailed above in support of his opinion.

If the facts, discrediting to the accused and improperly developed from the character witness Willis, were eliminated, it seems quite questionable whether the jury would have condemned, or would have been warranted in condemning, the 11-year-old boy to confinement in a penal institution for a period of six months upon the testimony which bore directly upon the offense charged. Assuming that the gun was in the hands of the appellant when it was fired, that the main load of shots struck the automobile in which the alleged injured parties were riding, that some of the shots struck two of the individuals who were riding in the car, the questions of the accidental discharge of the gun and intent to take life are left, by the evidence, in a condition of grave doubt. Moreover, the undisputed testimony showing the appellant to be under thirteen years of age, the statute put upon the state the burden of showing that he possessed sufficient discretion to understand the illegality of the act. See Art. 30, Vernon's Texas P. C., Vol. 1, p. 23, and cases collated. The state, by its own testimony, discloses that when the appellant was arrested he stated that the gun had accidentally discharged; that it was defective. The state introduced this declaration as a part of its case, and it was manifestly relied upon to identify the appellant as the individual who had possession of the gun at the time it was fired. Such being true, the exculpatory declaration, unless disproved by other evidence in the record, inured to the benefit of the accused. See Pickens v. State, 86 Tex. Crim. Rep. 657. The gun was before the jury. The witness who owned it and those who saw it testified to its defects. Their testimony was entirely consistent with the exculpatory declaration made by the accused and introduced by the state. We have perceived no testimony combating that to the effect that the gun shown to the jury exhibited defects such as

would likely have caused its accidental discharge in the hands of a child. No effort seems to have been made to discharge the burden of proof of discretion cast upon the State by the youth of the appellant.

In the brief there are some complaints of the charge, but we fail to find any exceptions or special charges which would bring forward for review the faults of which complaint is made.

Taking note of the evidence legitimately introduced, we are constrained to regard that which was improperly received from the character witness, as above detailed, a matter requiring a reversal of the judgment, which is accordingly ordered.

*Reversed and remanded.*