THOMAS HENRY ARMSTRONG, CAL ENGLISH, ALIAS WILLIE RAY, AND NORMAN MILLER, ALIAS SONNIE MILLER V. THE STATE.

No. 14712.   Delivered March 9, 1932.

The opinion states the case.

*O. F. Watkins* and *H. L. Kidd,* both of Mexia, for appellants.

*Sam McCorkle,* District Attorney, of Kilgore, *L. W. Shepperd,* of Groesbeck, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment, death.

It was alleged in the indictment, in substance, that appellants robbed Charley Hunter. Rufus Hunter, Harley Hunter, and Charley Hunter, the injured party resided in the state of Tennessee. They had come to Texas in search of employment. Boarding a freight train at Dallas, Rufus and Charley Hunter hid themselves, at night, in an empty chamber in a refrigerator car. According to the testimony of Rufus Hunter, appellants entered the car, robbed him and his brother, and forced them off the train while it was moving. The fall from the train killed Charley Hunter. The witness Rufus Hunter testified that appellants exhibited a pistol at the time they committed the robbery. On the trial he positively identified the appellants as the assailants of his brother and himself.

The offense was alleged to have been committed on the 12th day of February, 1931. The indictment was returned and filed on March 2, 1931. On the same day the trial court made an order for the drawing

of a special venire of sixty names. The venire was drawn on the same day by the clerk and delivered to the sheriff. Instead of summoning the veniremen in person, the sheriff addressed to each of such veniremen a postal card. The venire was returnable on the third day of March, and the case was set for trial on March 5th, following. On the day the indictment was returned the trial court entered an order appointing two attorneys to represent the appellants. At the time counsel were appointed appellants were confined in jail many miles away, in the city of Corsicana. Two days before the trial the court released, at his request, one of counsel whom he had appointed to represent the appellants, and substituted another attorney. On the case being called for trial on the 5th of March the date of trial was postponed until the 9th of March, 1931. On the 9th of March, of the original sixty persons drawn on the special venire, only thirty-six appeared. Appellants moved to quash the venire for various reasons, among them being that the venire had not been drawn and had not been summoned in accordance with law, in that the veniremen had not been personally served with notice as required by article 597, C. C. P. The court overruled the motion to quash, and the selection of the jury was begun. From the thirty-six veniremen present, six jurors were selected. Appellants again renewed their motion, and prayed the court to have drawn another venire in the case, which the court refused to do, and ordered the sheriff to summon talesmen. From the list of talesmen the jury was completed. . .

Article 597, C. C. P., provides that the summons in the case of a special venire shall be made verbally upon each juror in person. Article 602, C. C. P., reads as follows: "When a capital case is called for trial, and the parties have announced ready for trial, the names of those summoned as jurors in the case shall be called. Those not present may be fined not exceeding fifty dollars. An attachment may issue on request of either party for any absent summoned juror, to have him brought forthwith before the court."

In Walker v. State, 104 Texas Crim. Rep., 207, 283 S. W., 787, it was held that in case the whole venire was present on the call of the case, it was not error to refuse to quash the writ of special venire on the ground that the jurors were not served in person, but were served by postal card. In Roquemore v. State, 111 Texas Crim. Rep., 77, 11 S. W. (2d) 316, it appeared that the special venire was properly summoned. Nineteen of those summoned failed to appear. The accused demanded that the court cause the veniremen to be brought into court and that, in the meantime, proceedings be suspended. The court declined to issue process for the veniremen and to suspend proceedings, although he ordered the sheriff to bring them into court. The sheriff could not reach them by telephone. He made no effort to see the absent veniremen in person. After the list had been exhausted, the jury still bing incomplete,

the court ordered talesmen be summoned. The accused objected to accepting the talesmen, insisting that the absent veniremen should first be brought into court. It was held by this court that in forcing the accused to select a jury in part from talesmen, without issuing process for the absent summoned veniremen, the trial judge was in error.

In view of the provisions of article 602, supra, to the effect that an attachment may issue upon the request of either party for any absent summoned juror, it would appear that an attachment could not legally have been issued for the absent veniremen, in as much as they had not been legally summoned. The opinion is expressed that the bills of exception relating to the matter under consideration present reversible error. It may be added that the state's attorney before this court confesses error as to this matter.

The state attempted to introduce in evidence certain indictments and judgments of conviction showing that the appellants had plead guilty to offenses committed on or about the date the present offense was committed. The court declined to permit the introduction in evidence of this proof. Appellants contend that the statements made by counsel relative to the indictments and judgments of conviction, in the presence of the jury, constitute reversible error. We pretermit a discussion of this question, in view of the fact that it will not arise on another trial.

The question of bringing the appellants into court handcuffed and keeping them handcuffed in the presence of the jury is not discussed. The rule laid down in Gray v. State, 99 Texas Crim. Rep., 305, 268 S. W., 941, should govern as to this matter on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.