G. F. CREECY V. THE STATE.

No. 19256. Delivered December 15, 1937.

The opinion states the case.

*W. J. Arrington,* of Aspermont, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to murder with malice, and his punishment was assessed at confinement in the state penitentiary for a term of three years and six months.

Appellant's first contention is that the evidence is insufficient to sustain his conviction of the offense charged. The record shows that appellant, had been sued by his wife for a divorce and partition of property; that he employed Judge O'Conner to represent him at the trial of said case. The suit did not terminate as appellant expected, and he conceived the idea that O'Conner had been derelict in the performance of his duties; that he had laid down on the job. This incident created so much ill feeling against O'Conner that he would not speak to him. Some few years later, on or about the 5th day of December, 1936, appellant while in the court-house yard, saw O'Conner coming towards the court-house, and when he reached a point about eight or ten feet from him, appellant drew a pistol and began shooting. The first two shots failed to take effect; the third shot struck O'Conner in the leg, breaking it; and as the injured party lay on the ground, appellant fired two more shots at him.

Appellant testified that he did not intend to kill O'Conner, but wanted to cripple him. We think that the testimony fully sustaining the jury's conclusion.

Appellant's next contention is that the court erred in permitting the State to recall O'Conner as a witness after all testimony in chief had been introduced, and permitting him to put on the coat which he wore on the day of the alleged offense, and show to the jury where a bullet had passed through a pocket. We think this testimony was admissible in rebuttal of appellant's testimony that he did not intend to kill him; that he shot

at his legs to cripple him. The shot through the coat pocket would indicate that he was not only shooting at O'Conner's legs but his body too. This was a circumstance which the jury could take into consideration in connection with all other testimony to determine the intent of the appellant. See Mercer v. State, 45 Texas Crim. Rep., 460.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.