**EADS v. LEVERTON.**

No. 11229.

Court of Civil Appeals of Texas. Galveston.

May 29, 1941.

Rehearing Denied June 19, 1941.

Earl Cox, of Houston, for appellant.

Sewell, Taylor, Morris & Connally, of Houston, for appellee.

GRAVES, Justice.

The nature of this cause below may not be better summarized than is thus done in the appellant's brief: "This was a 'guest case' instituted by the appellant, Aubrey L. Eads, plaintiff below, against the appellee, T. B. Leverton, defendant below, in the district court of Harris County, Texas, the appellant seeking to recover of appellee damages because of personal injuries sustained by him while riding as a gratuitous guest in the appellee's automobile, which automobile collided with another car upon the public highway, it being contended by appellant that the appellee was guilty of a 'reckless and heedless disregard' of the rights of appellant in the operation of such car."

Likewise the result there—where it was tried before a jury upon special issues submitted—is clearly comprehended within these brief recitations of the judgment rendered, that is now challenged upon this appeal:

"* * * the jury did return their verdict in open court wherein the jury found that the defendant, T. B. Leverton, was not guilty of heedless and reckless disregard of the rights and safety of the plaintiff in any respect as submitted to them, and further found that the plaintiff, Aubrey L. Eads, was not guilty of contributory negligence in any regard as submitted to them in the court's charge, and further found that the collision resulting in the injuries to the plaintiff was the result of an unavoidable accident, and that the act of one W. H. Campbell in driving and operating his automobile upon the left-hand side of the highway in the direction in which same was proceeding was the sole

proximate cause of the collision and resulting injuries to the plaintiff.

"Upon the verdict of the jury the court was of the opinion that the law and the facts were with the defendant and that judgment should go for the defendant. It is therefore accordingly Ordered, Adjudged, and Decreed that the plaintiff, Aubrey L. Eads, take nothing by this suit, and that the defendant go hence without day."

Appellant inveighs here against the determination so adverse to him below upon a single contention—presented through three assignments, each with a subjoined proposition—the gist of which is this: "This being an ordinary suit for the recovery of damages because of personal injuries, and the character of the appellant, plaintiff below, being in no manner at issue, the trial court committed reversible error in permitting the appellee in this cause to testify over the objection of the appellant that the appellant 'was an effeminate type that apparently did not like to work', and further that appellant was 'an effeminate type of man, a sort of Beau Brummel, that was rather extremely attentive to the ladies on all occasions and apparently did not like to work hard for his living.' "

The two alleged vices that led to this "glaring and inexcusable error of law committed by the trial court in permitting the appellee, while on the stand, to vilify and calumniate the character of the appellant" are, in his verbis, declared upon as follows:

"(1) The testimony of the appellee with reference to the character of the appellant was so inflammatory and prejudicial that no instruction given by the court could cure the error incident to its admission."

"(2) The appellee was entitled to testify to any pertinent, material, and relative matter tending to explain away his statement that he disliked the appellant—and which statement had been introduced against him as a declaration against interest—but such rule did not permit him to testify to matters of opinion and matters that were irrelevant and immaterial and which did not in any manner explain away such statement, and hence his testimony setting forth his opinion as to the character of the appellant was inadmissible under such rule."

The sole ruling thus challenged arose in these circumstances:

"While counsel for the plaintiff was interrogating the defendant on cross-examination, he sought to prove that the defendant was unfriendly toward the plaintiff and entertained a feeling of dislike toward him. The defendant was asked this question: 'Now I will ask you, Mr. Leverton, if this isn't a fact, that while you were sitting at the dinner table with Mr. and Mrs. Foster and your wife, Mrs. Leverton, you made the statement to Mrs. Foster after Mr. Eads had gone that Mr. Eads had more qualities you disliked than any man you had ever known?' The defendant replied in the affirmative.

"The defense did not object to this question or answer. This answer having been elicited, counsel for the defendant—on a redirect examination—undertook to have the defendant explain away this admission, and asked the defendant: 'What qualities did he have that you did not like?' The question, plaintiff's objection, and the court's ruling thereon, together with the witness' answer, were as follows:

"Q. What qualities did he have that you did not like?

"Mr. Cox: We object to that as irrelevant, immaterial, prejudicial and inflammatory, if your Honor please.

"The Court: The objection is overruled, go ahead.

"A. Will you repeat the question?

"Q. What qualities did Mr. Eads have that you said you did not like on the evening that you were at the Foster home and before the accident happened?

"Mr. Cox: Note our exception.

"A. First, he was an effeminate type that apparently did not like to work.

"Mr. Cox: We object to that as a conclusion of the witness and on the same grounds as to the other question.

"The Court: That is overruled.

"A. An effeminate type of man, a sort of Beau Brummel that was rather extremely attentive to the ladies on all occasions, and apparently did not like to work hard for his living.

"Mr. Cox: Your Honor, we object to that part of the answer.

"The Court: The objection is sustained; strike that part of the answer. Gentlemen of the Jury, you will not consider that last part of the answer for any purpose."

In support of the three respective propositions detailing his contention, the main authorities cited by appellant under like numbers are these:

(1) Galveston, H. & S. A. Ry. Co. v. Smith, Tex.Civ.App., 24 S.W. 668; Graham v. Kessler, Tex.Civ.App., 192 S.W. 299; Hardin v. Ft. Worth, etc., R. Co., 49 Tex. Civ.App. 184, 108 S.W. 490; Loftus v. Maxey, 73 Tex. 242, 11 S.W. 272; Metropolitan Life Ins. Co. v. Wagner, 50 Tex. Civ.App. 233, 109 S.W. 1120; McAlpin v. Cassidy, 17 Tex. 449; McCormick v. Schtrenck, 59 Tex.Civ.App. 139, 130 S.W. 720; Stone v. Day, 69 Tex. 13, 5 S.W. 642, 5 Am.St.Rep. 17; 17 Tex.Jur. page 351; Texas Law of Evidence, McCormick & Ray, Sec. 648, p. 826.

(2) Bright v. Briscoe, Tex.Civ.App., 193 S.W. 156; Burchill v. Hermsmeyer, Tex. Civ.App., 262 S.W. 511; Elliott v. Ferguson, 37 Tex.Civ.App. 40, 83 S.W. 56; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Tex. 542, 46 Am.Rep. 269; Gulf Pipe Line Co. v. Hurst, Tex.Civ.App., 230 S.W. 1024; Mumme v. Sutherland, Tex.Civ.App., 198 S.W. 395; Thompson-Houston Elec. Co. v. Berg, 10 Tex.Civ.App. 200, 30 S.W. 454; Tucker v. Hamlin, 60 Tex. 171.

(3) Bartley v. Comer, Tex.Civ.App., 89 S.W. 82; Corpus Juris, Vol. 22, p. 417; Pearson v. Adams, 129 Ala. 157, 29 So. 977; St. Louis S. W. Ry. Co. v. Duncan, Tex.Civ.App., 164 S.W. 1087.

From the perspective of appellate review, it is held that appellant (despite a very able presentation) has thus unsuccessfully undertaken to apply a distinctive cause of action to an incompatible state of facts; that is, as appears supra, he declared alone upon gross negligence, predicating it on specifications to the effect that the appellee was driving his automobile while drunk, on his own wrong side of the road, and in heedless and reckless disregard of appellee's rights, in proof of which he himself brought out, on cross-examination of the appellee, the latter's quoted "admission" of a dislike for him; having thus become the proponent of that issue, in the opinion of this court, he placed himself without the pale of the rule he invokes from the authorities so cited by him, supra.

■ In the first place, while the authorities thus cited hold that in the ordinary damage suit for personal injuries neither the character of the plaintiff, nor his personal habits or characteristics, constitute a material issue, yet, for the reason stated, that is not this case; a review of those cases shows that there the plaintiff did not himself put in issue the question of whether or not a witness bore toward him a feeling of animosity; that rule, however, is, under other authorities appropriate to the different states of fact, clearly subject to the exception that in an instance like this— while the defendant could not show that the plaintiff was effeminate, or extremely attentive to the ladies, as a reason why the plaintiff should not recover damages against him if he could prove them; still, when the question of a defendant's dislike for a plaintiff—as here—has voluntarily in the first instance been put in issue by the plaintiff himself, then the defendant is clearly entitled, in rebuttal to such an affirmative charge, to state the reasons for that dislike, as well as the circumstances out of which it arose; these authorities, it seems to us, put that distinction beyond any uncertainty; Bartley v. Comer, Tex.Civ. App., 89 S.W. 82; Knights of Modern Maccabees v. Gillis, 59 Tex.Civ.App. 109, 125 S.W. 338; Martini v. Power Banking Co., Tex.Civ.App., 33 S.W.2d 466, 467; Joseph v. Puryear, Tex.Civ.App., 273 S.W. 974; Southland Life Ins. Co. v. Norwood, Tex.Civ.App., 76 S.W.2d 166; 2. Jones, Commentaries on Evidence, p. 1346; 6 Jones, Commentaries on Evidence, p. 4875; 70 Corpus Juris p. 1006; McCormick & Ray, "Texas Law of Evidence", p. 371; 5 Jones, Commentaries on Evidence, p. 4926; 44 Tex.Jur. 1193.

The rationale of these counter-holdings sustaining the exceptions to the ordinary rule appellant's authorities apply is that such an admission of one party on cross-examination that he disliked another is that he, in turn, upon re-direct, may show not only his reasons for such dislike, but other circumstances and details attending his having made such a statement, as tending to explain away or minimize the harmful effect of that admission; this, further, for the reason that his adversary—for instance, this appellant—having elicited for the first time that admission, and in doing so having exhibited only that phase favorable to himself, the other party, that is, this appellee, may in rebuttal and in extenuation of harm to himself, introduce evidence bearing upon it, which otherwise would be inadmissible.

■ While this well-defined differentiation between the factual bases of this cause and those following the ordinary

rule—that neither the general character of the plaintiff nor his personal habits or characteristics will form an issue—controls this appeal, it may not be amiss to further point out that, since this evidence was clearly admissible, at least for the limited purpose of explaining away the admitted dislike on re-examination, appellant's objection to it that it was "immaterial, irrelevant, prejudicial, and inflammatory", was not a valid one, hence preserved nothing as to it for review on appeal; Walker v. Great A. & P. Tea Co., 131 Tex. 57, 112 S.W.2d 170; McEwen v. Texas & P. Ry. Co., Tex.Civ.App., 92 S.W.2d 308; Matthews v. Monzingo, Tex.Civ.App., 46 S.W.2d 424; Morgan v. Gordon, Tex.Civ. App., 13 S.W.2d 905; McCormick & Ray, Texas Law of Evidence, pp. 21, 22, and cited authorities; 6 Jones, Commentaries on Evidence, pp. 4933 and 4982; 3 Tex. Digest, Appeal and Error, ■■■■■ p. 281 and cited cases; Mercer v. State, 45 Tex.Cr.R. 460, 76 S.W. 469.

Had the objection been, instead, that such evidence should be restricted to appellee's state of mind only, it might have been sustained; Behringer v. South Plains Coaches, Tex.Com.App., 13 S.W.2d 334, affirming, Tex.Civ.App., 4 S.W.2d 1003; Francis v. Cornelius, Tex.Civ.App., 173 S.W. 947; Postal Savings, etc., Ass'n v. Powell, Tex.Civ.App., 47 S.W.2d 343.

The situation here seems very similar to that in criminal cases, where the accused voluntarily puts his own character in issue as indicating that he did not commit the crime charged; the criminal reports reflect that thereupon the State may rebut such evidence by producing what would, but for the accused's own act in so opening the issue, be "irrelevant, immaterial, prejudicial, and inflammatory", testimony of the most damaging nature as to accused's bad character. Farar v. State, 112 Tex. Cr.R. 199, 15 S.W.2d 1050; Howard v. State, 107 Tex.Cr.R. 585, 298 S.W. 587; Alexander v. State, 86 Tex.Cr.R. 606, 218 S.W. 752; McCormick & Ray, Texas Law of Evidence, p. 861 and p. 899.

Wherefore, upon the whole, it seems to this court that the challenged testimony was clearly admissible, in the circumstances attending, at least for the limited purpose of negativing the implication from the "admission" appellant had so elicited that the appellee disliked appellant to such an extent that he would have wilfully and intentionally injured him, or would have been consciously indifferent to his welfare and safety, or would have testified falsely against him; further, that the general objection so levelled at it was insufficient to save any issue upon it to be determined on appeal.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.