### TRADERS & GENERAL INS. CO. v. DAVIS.

#### No. 4533.

Court of Civil Appeals of Texas. El Paso.

Dec. 11, 1947.

Rehearing Denied Jan. 15, 1948.

Neill & Lewis, of San Angelo, for appellant.

Scott Snodgrass, of San Angelo, for appellee.

SUTTON, Justice.

This is a workman's compensation case and the appeal comes from the District Court of Crockett County.

The trial court submitted the case on a main charge of sixteen special issues and three requested issues by the insurance company. On the answers of the jury judgment was rendered for the plaintiff, Davis, from which the defendant insurance company has appealed.

In the course of the jury's deliberations the court deemed it advisable to submit supplemental instructions. This action on the part of the court is the basis of four points and complaints by the defendant. Five other points are briefed on the admission of testimony. They will be made to appear in more detail in the course of the discussion.

The jury found, insofar as material to this consideration in response to special issues as indicated:

1. That plaintiff sustained an accidental injury to his body on or about January 20, 1946; (2) that it was sustained in the

course of his employment; (3) that it resulted in disability; (4) that it was a permanent disability; (5) that it was a total disability; (6) that such total disability began on January 20, 1946; (7) that the duration of the total disability is permanent; (8) that such disability is not partial.

In its first tender of a verdict to the court the jury had answered as above indicated, except they had answered special issue No. 7 that the duration of the total disability is "indefinite" and in response to No. 8 that he had or would suffer partial disability, or "yes." They further answered No. 9 that such partial disability began on January 20, 1946; 10, that the duration of such partial disability is "Indefinite"; and 11, that the extent thereof was "100%."

The court thereupon instructed the jury in writing that the answers as then given to 6 and 9 were in conflict because one could not suffer total disability and partial disability at the same time, and further that the answers to 8 and 11 were in conflict also and directed they should retire for further deliberations. The defendant objected and excepted but makes no complaint of that action here.

The jury then retired and later came into court and tendered their verdict a second time. The answers to all issues remained the same, except the answers to 8, 9, 10 and 11 had been deleted and they were tendered unanswered. In the then condition of the verdict, because of the continuing affirmative answer to No. 3, the verdict was incomplete and the court deemed it necessary to have an answer to No. 8, and instructed the jury:

"Under the charge of the court and Special Issues you are required to answer Special Issue No. 8. You will retire for further deliberations."

To this action of the court the defendant objected and excepted and here presents the point the court erred in so instructing the jury, "such instruction ignoring Special Issue No. 9 (beginning date of partial disability), No. 10 (duration of partial disability) and No. 11 (percentage of partial disability) each of which last three issues contained preliminary instructions to the jury 'if you have answered Special Issue No. 8 "No" then you will not answer this issue but if you have answered Special Issue No. 8 "Yes" then you will answer (this issue).' "

The jury, under the instruction last noted, retired again and after deliberating returned into court again and submitted their verdict, with issue No. 8 answered "No." The court thereupon instructed the jury further that he did not consider their answer to Special Issue No. 7 responsive; that in making their answer to Special Issue No. 7 that if they found from a preponderance of the evidence that such disability, if any, is limited to a particular time, then state that time, but if they found from a preponderance of the evidence that such disability, if any, is not limited to a particular time, then answer "Permanent." The answer was then "Permanent" and the verdict accepted. To the action of the court in giving this last instruction the defendant objected and excepted on the grounds, briefly, that the court was "cajoling the jury to change its answer to No. 7 and to return an answer which it may be easily foreseen will be for the plaintiff Davis under this seductive influence, towit: 'permanent' "; that the instruction was a comment on the weight of the evidence because it unduly stresses the matter of a particular time, "and in view of the fact that the evidence regarding duration did not show any particular time or date, it amounts virtually to telling the jury to return the answer Permanent"; because if the court regarded the answer "Indefinite" not responsive, the jury should have been so instructed when it was first told its answers were in conflict, and because in thus dividing such instructions and in securing the answers to 6, 8, 9 and 11 before calling on them to reconsider their answers to No. 7 was not to aid the jury but the plaintiff and the effect is to destroy the orderly sequence of the trial and to secure favorable answers for the plaintiff; that the instruction does more than to call the attention of the jury to the non-responsive answer but tells them how to make their answer; because the court substitutes himself for the jury and is a coercion of the jury; and because the answer "indefinite" is re-

sponsive to the issue and the court not authorized to have the jury reconsider; that such answer is that plaintiff has not met the burden of proof by showing by a preponderance of the evidence the length or duration of permanent disability.

At the same time the defendant moved the court to declare a mistrial based on all the grounds set out in its objections and exceptions aforesaid, because it is impossible to have a fair verdict, or in fact the jury's actual and real verdict.

Based upon the procedure just related the defendant presents three points to the effect (1) that the court erred in giving the instruction with respect to No. 7; (2) in holding the answer "indefinite" is not responsive and in requiring the jury to reconsider its answer to said issue; and (3) in refusing to grant its motion for a mistrial instead of sending the jury back to reconsider its answer "Indefinite" to No. 7 and in requiring the jury to reconsider its answer thereto.

We think the point based on the action of the Court in requiring the jury to answer Special Issue No. 8 cannot be sustained. The only answer ever made to Issue No. 3 was an affirmative one, which was contained in the answers the first time the verdict was tendered and continued therein until the verdict was finally accepted. The court in the action had merely told the jury to do what the original charge required of it about which there was no sort of complaint.

We likewise regard the points presented in connection with the action had in respect to Issue No. 7 not well taken. The defendant says the answer "Indefinite" is responsive but means the burden of proof had not been met and the jury were unable to fix the length of time, or duration of the disability, from the testimony and that a mistrial should have been declared. The requirement of the issue was to fix the time or duration, and it did that by answering it to be indefinite. It is thought Issue No. 7 was a repetition and not necessary, but nevertheless the answer first made by the jury responsive. It is the rule where the verdict is susceptible of the construction the verdict must be construed as a whole and when it may be reasonably done seeming conflicts harmonized. Traders & General Ins. Co. v. Wilder, Tex.Civ.App., 186 S.W.2d 1011 (e. r.), and the authorities there cited. In its brief the defendant says the meaning ascribed to the word "permanent" in the instruction to the jury if they were unable to find a particular time they would answer permanent is the true meaning of "indefinite." This is regarded as correct and it is thought to be the meaning intended by the jury. They had found plaintiff had sustained a permanent disability, and that his disability was total. They were merely trying to answer the issues submitted to them without the repetition of terms. They were asked in No. 7 to answer the duration thereof in length of time. They were undoubtedly unable to fix a time measured in days, months and years and consequently to be consistent with their answer to No. 4, and to be accurate, they made the answer "indefinite". The medical testimony was plaintiff had a coronary heart disease and as a result of his accident had suffered a coronary occlusion (blood clot in the coronary, or heart arteries). We take it to be a matter of common knowledge that no man, even an expert, can predict the termination, if ever, of this sort of serious illness and many others. The jury were simply saying his total disability, in their opinion, would endure for a period of time the end of which no one could predict; that the length of time is unknown; that the time may not be measured, or is unmeasurable. This is one of the dictionary meanings given the word, Webster's New International Dictionary. People commonly refer to a long wearing disease as being one of indefinite duration. The meaning could not well be misunderstood if one were advised another is to be ill indefinitely.

Had the jury answered "for life" there could be no doubt about the meaning, yet it would be for an indefinite time, because the period of a life is indefinite. After all, the most that can be said is "the old must die; the young may die and the wisest knoweth not how soon."

Defendant's situation was unchanged and it suffered no injury as a result of the action of the court in this respect.

The plaintiff introduced in evidence a letter written by his wife to the defendant, reading:

"Dear Sirs: You told me some of your men would be around every week, to see my husband, and so far, none have showed up again. They tried to set my husband up in a chair last week and he has been worse again. Our nurses must be paid at once, they have waited too long now.

"Let me hear from you at once."

The defendant objected to the letter on the grounds it is irrelevant and immaterial; self-serving; hearsay; calculated and intended to arouse the sympathy and passion of the jury and highly prejudicial.

On cross-examination defendant's counsel asked plaintiff's wife: "You are employed here?" (meaning Ozona) to which she replied: "Yes sir, I had to have work to keep us both up." To this defendant objected, "because it is not responsive". A point is here made on it.

There is likewise a point made on the admission of answer of plaintiff's wife made to his counsel, that the work she was doing in Ozona was less strenuous than the work she did in San Angelo where she and her husband live and where he was at the time. The objection was: "It is irrelevant and immaterial, and is calculated to inflame the jury and arouse their sympathy."

Plaintiff's wife testified a Mr. Kilgore, a representative of the defendant, had come to see her about her husband's condition and without objection. The letter quoted above was then put in evidence. Plaintiff's counsel then asked her: "Is that the only time a representative of the company came to see you?" She answered: "Yes, sir," to which the objection was made, "that it is irrelevant and immaterial; that this defendant was under no obligation to see him or send a representative." This is assigned as error and a point presented.

The examination by plaintiff's counsel was continued with respect to the visit of Mr. Kilgore, and then the question: "Since that one visit, has anybody else been to see him?" To this the reply was: "No, sir," and to which the objection was made; because "It is irrelevant and immaterial and prejudicial and calculated to inflame

the minds of the jury, and inject sympathy in the case," and it was moved to strike all this testimony. This is likewise assigned as error.

If plaintiff's injury be compensable under the statute, and it is found to be, then under Sec. 7, Art. 8306, Vernon's Civil Statutes, and the conditions prescribed therein the defendant was liable for reasonable medical aid, hospital services and medicines. The letter was nothing more nor less than a reminder of that, a suggestion of plaintiff's condition and the necessity of such assistance and the advisability of meeting the expenses incurred. In none of this testimony objected to is there anything that could reasonably harm the defendant, if inadmissable. Certainly in the light of the other testimony and the connection in which it was given it cannot harm. Aside from this the objections are in most part, if not altogether, too general to sustain the complaints. Alpine Tel. Corporation v. McCall, Tex.Civ.App., 195 S.W.2d 585 (no reversible error); Eads v. Leverton, Tex.Civ.App., 152 S.W.2d 868, (no error); McEwin v. Texas & P. R. Co. Tex.Civ.App., 92 S.W.2d 308 (no error) and the case there cited.

It is our conclusion, though the procedure be not every day procedure and notwithstanding the case might have been differently submitted, that every purpose of a trial in this character of case has been reasonably and fairly met and the judgment of the trial court is affirmed.

McGILL, Justice (concurring).

I concur in the disposition of the case, but not with all of Associate Justice Sutton's opinion. Therefore I deem it advisable to state my views on the points on which I do not agree with the opinion of Associate Justice Sutton.

The jury's answer of "permanent" to Special Issue No. 4 obviously referred to "any disability" specified in Special Issue No. 3, a disability which might be either total or partial. Special Issue No. 5 likewise referred to "any disability" specified in Special Issue No. 3 and the affirmative answer thereto established that the disability found to be a

permanent disability by the answer to Special Issue No. 4 was also a total disability. The submission of Special Issue No. 7 was unnecessary if the answer to Special Issue No. 4 should be "permanent," but since answer to Special Issue No. 7 was not made conditional on an answer of "temporary" to Special Issue No. 4 an answer thereto was essential to warrant a judgment of total permanent disability. Any answer thereto differing in substance from the answer of "permanent" returned to Special Issue No. 4 would have been in conflict therewith. It is elementary that the submission must be considered before answers are returned, not afterward. Defendant was entitled to have the jury consider their answer to Special Issue No. 7 in connection with their answer to Special Issue No. 4 and to avoid a conflict therewith if possible before the verdict was accepted by the court. This they might have done by changing their answer to Special Issue No. 4. In case of any irreconcilable conflict defendant would have been entitled to a new trial.

The only serious question in this case is in regard to the instructions given by the court as to Special Issue No. 7. In regard to Special Issue No. 7 the court charged the jury:

"If you find from a preponderance of the evidence that such disability, if any, is limited to a particular time, then state that time, but if you find from a preponderance of the evidence that such disability, if any, is not limited to a particular time, then answer 'Permanent' ".

The objection in substance was:

"The court is commenting on the evidence in using the language 'limited to a particular time'. The court is unduly stressing the matter of a particular time, and in view of the fact that the evidence regarding duration did not show any particular time or date it amounts virtually to telling the jury to return the answer 'Permanent' ".

■ Rule of Civil Procedure No. 274 requires among other things:

"A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection."

On appeal a party is confined to the objections made in the trial court to the court's charge. Regardless of whether the instruction as to Special Issue No. 7 be correct or otherwise, it is not a comment on the evidence. For a charge to constitute a comment on the evidence it must bear upon the credibility of evidence or testimony, or the effect of evidence. See Schroeder v. Brandon, 141 Tex. 319, 172 S.W.2d 488, 492; Robinson v. Ross, Mo. App., 47 S.W.2d 122, 125; State v. Brown, 19 Wash.2d 195, 142 P.2d 257, 260.

■ An incorrect definition of terms used in the charge is not necessarily a comment on the evidence.

Now a temporary injury of necessity lasts for a particular time. The determination of that time under the evidence may be difficult, but if the injury lasts for an unlimited time, that is, is not limited, it is of necessity permanent.

■ The answer "indefinite" was not responsive to Special Issue No. 7. Special Issue No. 7 was as follows:

"From a preponderance of the evidence what do you find was the duration of such total disability, if any? Answer by giving the length of time."

Most certainly the answer "indefinite" was not an answer giving the length of time. The contention of appellant that the jury meant by their answer "indefinite" that they were unable to fix the length of time is not convincing under appellant's contention that no judgment could be rendered under the answer "indefinite." Under appellant's contention no judgment could be rendered with this answer to the issue. If this be correct, then the trial court certainly did not commit error in requiring the jury to further consider Special Issue No. 7. There was evidence under which the jury could have found that the injury was temporary, under which they could have fixed the date. On the other hand, there was evidence that the injury was permanent. Construed as appellant contends, the answer was not a finding on Special Issue No. 7 but an assertion of inability to answer same.

I concur in the affirmation of the case.

Chief Justice PRICE authorizes me to state that he concurs in the views herein expressed.

### On Motion for Rehearing.

PRICE, Chief Justice.

Careful consideration has been given to appellant's able and forceful motion for rehearing. However, we still adhere to our ruling in the case and motion is hereby overruled. In my opinion the real and substantial issue in this case was not as to the duration of plaintiff's disability, it was as to whether or not the accidental injury relied upon was the cause of this disability.

It is further my opinion that an incorrect instruction as to the legal effect of proof of a fact is not a comment on the weight of evidence by which such fact may have been established. A comment on the weight of evidence is in a sense an invasion by the court of the province of the jury. An incorrect instruction as to the effect of proof is an error of law by the court, and not a comment on the evidence.

McGILL, Justice (concurring).

Appellant earnestly insists that its objections to the Court's instruction given in connection with Special Issue No. 7 sufficiently pointed out the question concerning the correctness of the court's definition of the word "permanent." I am inclined to agree with this contention. The objections did point out that in using the language "limited to a particular time" the court was unduly stressing the matter of a particular time, and in view of the evidence virtually telling the jury to return the answer "permanent." It seems to me that this did point out to the court that the instruction in effect erroneously told the jury that the disability was permanent if it was not limited to a particular time. I adhere to the view expressed in our concurring opinion that as an abstract proposition of law such instruction was correct. Of course a disability is not necessarily permanent because its duration or the time to which it is limited can not be definitely determined, but if the duration of the disability is unlimited as to time it seems to me it must necessarily be permanent.

Therefore, if the objection did sufficiently point out that the definition of "permanent" inherent in the instruction was erroneous, such objection was without merit.

The danger in the instruction is that on the record in this case it may be susceptible of a construction which would lead the jury to believe that although they found from a preponderance of the evidence that the disability was limited to a particular time but they were unable to state that time, they were nevertheless required to return an answer of "permanent." Of course the instruction does not so state, and under it, if such were the jury's belief they should not have answered Special Issue No. 7, in which event appellant would have been entitled to a mistrial, but since the court had refused to accept their answer of "indefinite" to Special Issue No. 7—which refusal I think was proper—and sent them back under the instruction given, it seems to me they may have been misled into thinking they were required to return an answer. However, the objections clearly do not point out this vice, if it is a vice, in the instruction.

I concur in overruling the motion for rehearing.