The **TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

Dolores M. **WILLIAMS,** Appellee.

No. 6521.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 8, 1962.

Rehearing Denied March 7, 1962.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Adams & Browne, Beaumont, for appellee.

STEPHENSON, Justice.

Appellee recovered judgment based upon jury findings, for total and permanent disability, under the Workmen's Compensation Act.

Appellant complains of the action of the trial court in admitting certain X-rays into evidence without proper identification, and then permitting a doctor to express an opinion based upon certain findings revealed by these X-rays. Dr. Charles Walker qualified as an expert in the field of radiology, and testified that he and Dr. Russell Catalano practiced together. He further testified as follows: that the X-rays in question were taken in their office June 18, 1960 and were made of appellee; that they were made under the supervision of their office by competent X-ray technicians, but he could not say whether they were made under his or under Dr. Catalano's supervision; that he did not recall the patient and did not give her a physical examination; that the X-rays bore the mark of their office and the date and the patient's last name, and that no one else had that mark except their office; that each patient has a number and that the number on these X-rays corresponds with the number in their book and on the envelope; that these films were made in the regular course of their business as X-ray specialists. Appellee testified that X-rays were made of her body in the office of Dr. Walker and Dr. Catalano.

We are aware that the rules of evidence require the proper identification before X-rays may be admitted in evidence. It must

be shown to some degree of certainty that such X-rays are made of the person's body involved in such suit. We feel that there was sufficient evidence to safeguard the rights of the parties in this case, and guarantee to both appellant and appellee that the films were those of appellee's body. The appellee's name, the date, the appellee's number, the doctor's mark, together with the testimony of the doctor that the X-rays were made in his office by competent technicians is sufficient proof to make such X-rays admissible in evidence. We do not believe that more protection would be afforded to a party to a suit for a doctor to testify that X-rays were made under his supervision by a technician in his office, than for him to testify the X-rays were made either under his supervision or that of his partner, by a technician. These points are overruled. United Fidelity Life Ins. Co. v. Holliday, Tex.Civ.App., 226 S.W.2d 139, is authority for this position.

■ This case was submitted to the jury on 13 special issues. The first 8 issues inquired as to the usual facts about an injury and as to total incapacity. Issues 9 through 13 inquired as to partial incapacity. Issue Number 9 was submitted unconditionally and asked if the appellee had sustained any partial incapacity. The jury reported to the court that they had reached a verdict, but an examination of the charge revealed that they had answered only the first 8 issues. The trial court gave the jury the following instruction:

"Ladies and Gentlemen of the Jury: You have not answered Special Issue No. 9. You will therefore retire and consider your verdict further."

Appellant objected to this instruction on the ground that it gave undue emphasis to Special Issue No. 9 and amounted to a comment on the weight of the evidence, and suggested to the jury that the issue should be answered "no". Appellant moved the court to instruct the jury that the verdict was incomplete and to return and deliberate further.

■ We do not believe the trial court's instruction was a comment on the weight of the evidence. This instruction did not indicate to the jury to answer the question "yes" or "no", but only that the question should be answered. This was a proper instruction by the trial court. Traders & General Insurance Co. v. Davis, Tex.Civ.App., 209 S.W.2d 963, N.R.E. This is not a case in which a jury returned a verdict with conflicting answers, but is a case in which the jury had not answered all of the questions submitted to them by the court unconditionally. The court properly returned the jury for further deliberation with its instruction. McDonald's Texas Civil Practice, Vol. 3, Sec. 15.03, p. 1264.

The judgment is affirmed.