UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,

v.

William D. BOUNDS, Appellee.

No. 4457.

Court of Civil Appeals of Texas.

Waco.

March 24, 1966.

Rehearing Denied April 14, 1966.

Oldham & Lorance, Tom Lorance, Jr., Houston, for appellant.

Raymond L. McDermott, Mabel Grey Howell, Houston, for appellee.

WILSON, Justice.

Insurer's position in this workmen's compensation case is that there is no evidence to sustain the jury verdict of total permanent disability, or the findings are against the overwhelming preponderance of the evidence. We affirm.

Because claimant continued to work in his employment after the accident earning more money than before, according to the carrier's interpretation of the evidence, and since he actually lost only a few days from work during the first four months following the accident, it is contended the incapacity will not meet the test prescribed by such decisions as Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1001. Conceding the evidence may raise partial incapacity, appellant insists it will not legally or factually support the greater finding.

There is medical testimony that claimant was not qualified after the date of injury "to do the usual tasks of a working man involving manual labor", or "to do any job where he has to put a stress or strain on that low back"; that he could not pass a pre-employment physical examination; that the incapacity is permanent. There is evidence of work under economic compulsion. His ailment was diagnosed as a chronic lumbo-sacral strain, aggravated by activity accompanied by acute pain over a two-year period.

There is evidence which supports appellant's argument. There is evidence sustaining the verdict. The parties are familiar with the record. We will render no service to the bar by recounting it. The points are overruled.

Complaint is made of refusal of a requested issue. The refusal is not assigned as error in appellant's motion for new trial, as required by Rules 320 and 324, Texas Rules of Civil Procedure, and the point is waived. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887.

Affirmed.