**HIGHLANDS INSURANCE COMPANY, Appellant,**

**v.**

**James Alva DANIEL, Appellee.**

**No. 219.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 5, 1967.

Rehearing Denied Jan. 26, 1967.

Ramey, Brelsford, Flock & Devereux, Donald Carroll and Michael A. Hatchell, Tyler, for appellant.

Gordon Wellborn & Rex Houston, Vaughan O. Stewart, Henderson, for appellee.

SELLERS, Justice.

The appellee, James Alva Daniel, brought this suit in the District Court of Henderson County against the appellant, Highlands Insurance Company, to recover on a compensation claim for an alleged back injury received while working for his employer, Brown & Root, Inc. The injury was alleged to have occurred on July 23, 1964. The trial was to a jury and, based upon the jury verdict, the trial court entered judgment for appellee for total incapacity beginning on the date of the injury and continuing for a period of 364 weeks, the judgment being for appellee in the sum of $9,792.06, and for his attorney in the sum of $4,164.46 with interest on both amounts at four percent. From this judgment, the appellant has duly prosecuted this appeal.

It appears from the record that immediately after the injury, appellee was seen by Dr. Mahan and later by several doctors in Houston at the Veterans Hospital. In May of 1965, appellee underwent surgery in the Veterans Hospital and had two discs removed from his back and remained in the hospital for nine weeks. At the time of the

trial, he was still in pain and was unable to work. On the trial of the case, appellee sought to recover and did recover the sum of $2,604.00 for services rendered by the Veterans Hospital, which amount was found by the jury to be a reasonable charge for the services rendered.

Appellant in its First Assignment of Error complains of the judgment in allowing appellee to recover the above amount for the reason that appellee had made an assignment of his claim against appellant to the Veterans Administration and had no authority to represent the Veterans Hospital and recover the above amount from the appellant. Appellant cites the following proceedings on page 4 of its Brief:

"* * * In particular, Plaintiff's counsel testified as follows:

"'Q. Do you know, in answer to my question, whether or not Mr. Daniel assigned his claim to them?

"'A. To such an extent that he can assign workman's compensation he did * * *

* * * * * *

"'Q. Mr. Houston, have you been authorized by the Veterans Administration or the Veterans Administration Hospital in Houston to represent them in this matter?

"'A. No sir, it depends on what you call authorization. I don't have any written authorization, no.'"

■ The answer to this contention by appellant is Article 8306, Section 3, of the Texas Compensation Act, Vernon's Ann. Civ.St., which provides that an assignment of compensation benefits by an employee is void. This statute has been held to prevent an assignment of an employee's compensation as wholly void. Felker Lumber Company et al. v. Superior Insurance Company, Tex.Civ.App., 272 S.W.2d 161, and authorities therein cited.

■ We do not agree with appellant that Section 2651 of Title 42 of U.S.C.A. overrules the above State statute.

■ Appellant's Second and Third Assignments question the sufficiency of the evidence to support the jury's verdict of total disability for 364 weeks. Several doctors testified in the trial of this case and several lay witnesses, including the appellee himself, testified at length about his condition, and it would unduly prolong this opinion to undertake to set out the evidence here. We deem it sufficient to say that we have carefully reviewed the evidence and find it amply sufficient to support the jury's finding of incapacity for 364 weeks. Connecticut Indemnity Company v. Henson, Tex.Civ.App., 388 S.W.2d 300, and authorities therein cited.

■ Appellant contends in its next assignment that the Court erred in giving the definition of "partial incapacity" to the jury. The definition given by the trial court is the same as the one many times given and approved by the courts in this State and just recently approved in the case of Liberty Universal Insurance Co. v. Gill, Tex.Civ.App., 401 S.W.2d 339, writ ref., n. r. e. The assignment is overruled.

■ Appellant, in its Fifth Assignment, complains of the court overruling its motion to declare a mistrial of the case and discharge the jury for the reason that appellee's attorney, in his opening statement to the jury, made the statement that "the Plaintiff brings this suit for 401 weeks at $35.00 per week, not for the remainder of his life or anything like that, but for the benefits provided by this policy of insurance under the law." The objection to this language was that it was for the purpose of informing the jury of matters of fact solely within the province of the Court and not material to any issue to be decided by the jury, but for the purpose of informing the jury of the effect of their

answers to the Special Issues to be submitted to them.

■ Similar statements have been made in a number of cases and in each case the contention of appellant has been overruled. Texas Employers' Ins. Ass'n v. Logsdon, Tex.Civ.App., 278 S.W.2d 893; Export Insurance Company v. Johnson, Tex.Civ. App., 401 S.W.2d 324; Travelers Insurance Company v. Sides, Tex.Civ.App., 403 S.W. 2d 519. Based upon the holding in these cases, the assignment is overruled. Appellee in a cross-assignment makes the contention that the appeal of this case was taken for delay only and seeks to invoke Rule 438, T.R.C.P. which provides for ten percent penalty in such cases. We have reviewed the cases cited by appellee and are of the opinion that they wholly fail to bring this case within the above rule.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.