### The TRAVELERS INSURANCE COMPANY, Appellant,

v.

### Mrs. Margie Lee WALSTON, a widow, et al., Appellees.

### No. 405.

Court of Civil Appeals of Texas.

Tyler.

Jan. 9, 1969.

Rehearing Denied Feb. 6, 1969.

Ramey, Brelsford, Flock, Devereux & Hutchins, Donald Carroll and Michael A. Hatchell, Tyler, for appellant.

W. Rayford Price, Palestine, Brown, Kronzer, Abraham, Watkins & Steely, Dale Harvill and W. James Kronzer, Houston, of counsel, for appellees.

DUNAGAN, Chief Justice.

This is a workmen's compensation suit. This suit was brought by Mrs. Margie Lee Walston in her own right and as next friend for her minor children to recover compensation benefits for the death of her husband, Henry G. Walston, who died from a coronary occlusion allegedly precipitated or caused by strain or exertion claimed to have been incurred on June 9, 1965, during the course and scope of his employment with Knox Glass Company, Inc.

The case was tried to a jury which returned a verdict wherein it generally found that the insured sustained a compensable, accidental injury on the job, which was a producing cause of his death. A judgment for full death benefits as provided by Article 8306, Sec. 8, Vernon's Ann.Tex.Civ.St., was entered and apportioned accordingly among the various statutory beneficiaries. This appeal has been duly and timely perfected from that judgment.

This appeal is before us on four points of error.

■ Appellant, in its first point of error, complains of the court overruling its amended motion for new trial for the reason that appellees' counsel in argument before the jury continuously informed the jury of the effect of its answers to the issues submitted by arguing repeatedly that Mrs. Walston was suing to collect $35.00 per week for 360 weeks. No objection was made to the argument at the time. It was raised for the first time on the motion for new trial. Appellant urges that the argument by appellees' counsel to the jury to the effect that the suit was for 360 weeks of benefits at $35.00 per week was improper, prejudicial and incurable. We do not think the argument complained of under

this point is of the "incurable type." This seems to have been made clear by the San Antonio Court of Civil Appeals in St. Paul Fire & Marine Insurance Company v. Escalera, 385 S.W.2d 477, 480 (1964, writ ref. n. r. e.), in which it was stated:

"* * * The first time such argument was made the trial judge sustained appellant's objection, and the second time the trial court not only sustained appellant's objection to the remarks but instructed the jury not to consider them. We are unable to say from the entire record that these remarks and arguments to the jury were of such harmful nature as to require a reversal of the judgment, especially in view of the fact that the trial judge instructed the jury not to consider those remarks. (Citing cases)." See also Texas Employers' Insurance Association v. Rigsby, 273 S.W.2d 681 (Tex.Civ.App., Beaumont, 1954, n. w. h.).

■ The following portion of Plaintiffs'-Appellees' Original Petition:

"WHEREFORE, PREMISES CONSIDERED, your Plaintiffs pray that the Defendant be cited in terms of the law to appear and answer herein, and that upon final trial and hearing of this cause they have judgment against the Defendant for Workmen's Compensation benefits for death, in a lump sum, being compensation at the rate of Thirty-Five Dollars ($35) per week for a period of three hundred sixty (360) weeks, as allowed by law; * * *"

by the judgment in this case, was shown to have been read to the jury. Therefore, from the record before us, it appears that the complained of argument did not inform the jury of anything they did not already know. It is now well established that to inform the jury of that which it already knows does not prejudice the right of a litigant. Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759 (1939); Texas Employers' Insurance Association v. Logsdon, 278 S.W.2d 893, 899 (Tex.Civ.App., Amarillo, 1955, writ ref., n. r. e.).

In support of this point, the appellant relies upon the case of Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000, by the Supreme Court. A similar contention was made in St. Paul Fire and Marine Insurance Company v. Foster, 375 S.W.2d 355, 358 (Tex. Civ.App., El Paso, 1964, n. w. h.) and the court said:

"The Fisher case, referred to in the quotation above, is relied upon by appellant in the instant case. In the Fisher case the remarks complained of occurred in the opening argument to the jury by claimant's attorney after the court's charge had been submitted. The attorney began to explain to the jury certain legal distinctions and objection was made by opposing counsel and sustained by the court. Claimant's counsel then persisted in stating his position in the presence of the jury and after repeated adverse rulings by the court, finally resulting in counsel being cited for contempt. The actual ruling arrived at in the Fisher case by the Supreme Court was that the argument and conduct of counsel was peculiarly within the control, direction and jurisdiction of the trial court. There can be no doubt but what such is the law, and we do not find such ruling to be in conflict with the disposition we make of the case before us. * * *"

In the case of Texas Employers' Insurance Association v. Rigsby, supra, the appellant complained of the trial court's action in permitting counsel for plaintiff, over its objection, to read to the jury that portion of plaintiff's petition in which he alleged that he was entitled to recover 401 weeks of workmen's compensation insurance at the rate of 60% of his average weekly wage, not to exceed $25.00 per week. At the beginning of the trial, before the voir dire examination of the jury, appellant's counsel moved the court to instruct counsel not to inform the jury that he was seeking insurance at the rate of $25.00 per week for a period of 401 weeks, and that counsel be prevented from reading that portion of his petition to the jury.

The stated reason for the motion was that it was not proper for the jury to know the amount of money or the rate of compensation plaintiff was seeking, since to do so would inform the jury of these facts or impart information to them with which they are not concerned, since the jury would then be informed of the legal effect of its findings. In disposing of this contention, the court said: "* * * In support of this point the appellant relies upon the case of Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000 by the Supreme Court. We are unable to see any similarity between the instant case and that case. As we view the matter the portion of the pleadings complained of and read to the jury with the rest of the petition was a portion of the prayer which simply stated what the plaintiff was suing for. It was not improper to thus inform the jury, but if such an action could be regarded as improper, no harm resulted to the appellant so far as we can ascertain from this record. * * *" See also Texas Employers' Insurance Association v. Rubush, 337 S.W.2d 501, 505 (Tex.Civ.App., Fort Worth, 1960, writ ref., n. r. e.).

Under its point of error No. 3, appellant also complains of the following argument of appellees' counsel to the jury:

"The Travelers Insurance Company and Mr. Carroll come into court every week, they'll be there next week, possibly; Mrs. Walston and her children, this is their only time. * * * If they're not important enough for Travelers Insurance Company to send a representative of the company, as opposed to a lawyer, but believe me it is important to Mrs. Walston and her children."

Appellant says that such comparison may have been either curable or harmless standing alone. But it became incurable when it was immediately followed by this argument:

"Now I ask you to earnestly deliberate. We'll be waiting for your verdict,

prayerfully, hopefully, and look forward to seeing and talking to all of you after you've returned."

■ This argument also was not objected to when made and was raised for the first time in the motion for new trial. Appellant likewise urges that the argument in question was improper, prejudicial and incurable and that it possibly resulted in the rendition of an improper judgment. Appellant considers the argument to be a comparison of a widowed plaintiff fighting a large corporate defendant. In Plains Creamery v. Denny, 277 S.W.2d 755, 763 (Tex.Civ.App., Amarillo, 1954, writ ref., n. r. e.), the court said that counsel for appellee's frequent reference to "this 'widow woman' and 'these kids'" and further reference to appellant as a "corporation" was not error, since the appellees were in fact a widow and her children and appellant was, in fact, a corporation. See Houston Lighting & Power Company v. Reed, 365 S.W.2d 26 (Tex.Civ.App., Houston, 1963, writ ref., n. r. e.). The court further said: "* * * the mere designation of the parties by this correct terminology was not error in that there were no qualifying words placed with such terms as to contrast the wealth and power of a corporation with the indigent circumstances of the widow and children." We think the holding in the Denny case is applicable to the facts in the case at bar. In the instant case, the pleading read to the jury states in part: "Now comes Mrs. Margie Lee Walston, individually and as next friend of her minor children, Vivian Earline Walston, Sharon Lee Walston, Mattielene Walston, and Tony Wilburn Walston, plaintiffs herein, complaining of The Travelers Insurance Company, a corporation, * * *." The suit was for compensation benefits as a result of the death of Henry Gilbert Walston, the deceased husband of Margie Lee Walston. Therefore, it appears that all these facts were made known to the jury long prior to the argument complained of.

It is our view that the above argument is of the type regarded as "curable." To require a reversal of this case, it is recognized that the argument and statements as complained of must have been improper and the error such that is reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953).

This court said in Royal v. Cameron, 382 S.W.2d 335, 343 (1964, writ ref., n. r. e.): "While it is true that in some cases jury argument requires a reversal, even though an objection is not made, the rule applies only when the argument is so vicious and so unwarranted that the minds of the jurors are foreclosed against returning a fair and impartial verdict. * * *" We do not think the argument here complained of can be said to be of such nature.

■ The court in the Royal case further said: "Furthermore, if the argument was improper, which we do not think it was, before a judgment is reversed because of argument of counsel, two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. * * *"

■ Appellant contends in its fourth point of error that if the individual arguments complained of did not alone constitute reversible error, the accumulative effect of such argument was calculated to cause and probably did cause the rendition of an improper judgment.

We have carefully considered these arguments and statements complained of in Points 1, 3 and 4 and we are of the opinion that in the light of the record as a whole, the arguments in question neither singly nor collectively were reasonably cal-

culated to cause nor probably did cause the rendition of an improper judgment in the cause. Appellant's Points 1, 3 and 4 are overruled. Rule 434, Texas Rules of Civil Procedure; Export Insurance Company v. Johnson, 401 S.W.2d 324 (Tex.Civ.App., 1966, Amarillo, writ ref., n. r. e.); Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298 (1956); Highlands Insurance Company v. Daniel, 410 S.W.2d 491, 494 (Tex.Civ.App., Tyler, 1967, writ ref., n. r. e.); Texas Sand Company v. Shield, 381 S.W.2d 48 (Tex.Sup., 1964); Transcontinental Bus System, Inc. v. Scirratt, 376 S.W.2d 56 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e.).

Appellant asserts in its point of error No. 2 that the court erred in refusing to grant it a new trial because of the allegedly improper question propounded to its witness Sizer regarding the reasons for the change in compensation carriers and/or because of the argument by appellees' counsel that he "wondered" why the insurance had been changed.

In connection with the question objected to, the following occurred:

"RE DIRECT EXAMINATION BY MR. CARROLL:

"Q Mr. Sizer, did the Walston case have anything to do with Knox Glass' decision to change insurance carriers?

"A No, sir, none whatsoever.

"MR. CARROLL: That's all.

"RE CROSS EXAMINATION BY MR. HARVILL:

"Q Mr. Sizer, in connection with that did the fact that Travelers Insurance Company tended to charge too high a premium for filing just cases have any-

thing—(The question here complained of)

"MR. CARROLL: Your Honor, we object to that—

"BY THE COURT: The objection will be sustained. I'm not going to try other issues that are immaterial."

Appellant in its brief says:

"Counsel was apparently not satisfied with the prejudice injected by merely asking the question; undaunted by the trial court's excluding the matter, counsel persisted in influencing the jury by the same extraneous insinuations when he argued:

"'* * * Mr. Carroll, incidentally, he's not a defendant in this case either. Travelers Insurance Company is the defendant in this case.

"'I wonder—there's no evidence one way or the other, but I wonder—there is evidence that Knox Glass Company does not have their Workmen's Compensation Insurance with Travelers Insurance Company—I wonder about that, especially after I've been through this case I wonder about it.'"

Appellant contends that the effect of the allegedly improper question considered in conjunction with the argument here complained of was improper, incurable and probably caused the jury to return an improper verdict.

We think it is rather apparent that the question complained of was prompted by the previous question propounded to the witness by Mr. Carroll, appellant's counsel. With this state of the record, we think the correct rule in this regard was stated by this court in Royal v. Cameron, supra, wherein we said:

"The Courts of this state have uniformly held that when one injects an im-

proper issue into a lawsuit, he cannot be heard to complain when his testimony is rebutted by other improper evidence. (Citing cases.) In the case of Lubbock Bus Company v. Pearson [277 S.W.2d 186], supra, the Court held the Defendant could not complain of evidence concerning issuance of a ticket where it had gone into the matter itself."

Moreover, the trial court sustained the objection to the question even before it was completed. The incomplete question was not answered. We do not think appellant has shown that any harm resulted to it. The jury argument complained of was not objected to. We also hold that this argument falls within the type that is "curable." It is our further view that the question and argument under the state of the record was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in this cause. Rule 434, T.R.C.P.

 By a cross point, appellees seek to invoke Rule 438, Texas Rules of Civil Procedure, which provides that where the court finds an appeal to have been taken by a defendant for delay and that there was no sufficient cause for taking the appeal, such appellant shall pay ten percent of the amount in dispute as damages. We have examined the record and while, in our opinion, none of appellant's assignments of error should be sustained, we cannot say that the points presented are so clearly without merit as to justify the conclusion that the appeal was not taken in good faith, but solely for the purpose of delaying the execution of the judgment of the court below. The cross point is overruled. Trinity Universal Insurance Company v. Farley, 408 S.W.2d 776, 780, (Tex.Civ.App., Tyler, 1966, n.w.h.); Highlands Insurance Company v. Daniel, supra.

Finding no reversible error in the record, the judgment of the trial court is affirmed.