**TEXAS GENERAL INDEMNITY COM-
PANY, Appellant,**

v.

**Joel M. HOPE, Appellee.**

**No. 4414.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 13, 1970.

Rehearing Denied Jan. 8, 1971.

Coke & Coke, Charles R. Haworth and Eldon Youngblood, Dallas, for appellant.

Burnett & Childs, Jerry Childs, Richard J. Clarkson, Odessa, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellee.

COLLINGS, Justice.

This is a Workman's Compensation case. Joel M. Hope filed a notice of injury and claim for compensation before the Industrial Accident Board of the State of Texas on March 22, 1965, alleging that he had suffered an injury to his back while in the employ of Southern Ice and Cold Storage Company. The insurance carrier, Texas General Indemnity Company, appealed from the August 13, 1969 award of the Board to the District Court of Howard County. Upon a trial in the district court before a jury judgment was rendered on the verdict for Hope in the sum of $7,814.-04. Texas General Indemnity Company has appealed.

The record shows that appellee Hope on March 4, 1965 while in the course of his employment with Southern Ice and Cold Storage Company suffered an injury to his back and that the injury occurred when

appellee was attempting to load a large box of ice on a truck. On the next day appellee saw and was examined by Dr. J. E. Hogan of Big Spring who was the company doctor. Appellee Hope complained to the doctor of pain in the lower left side of his back extending down into his left leg. The evidence shows that as a result of his examination and x-rays taken under his direction, Dr. Hogan concluded that appellee was suffering from an acute spasm of the muscles of the lower spine, a temporary condition which usually clears up in from three days to three weeks time. At the doctor's direction appellee Hope was admitted to the hospital on March 6, 1965 for complete rest, heat treatments, physiotherapy, and ultrasonic therapy. Such treatment is normal for a patient with a strain in the lumbosacral area. Appellee was discharged from the hospital on March 12, 1965, but returned on March 13, 15, and 17, 1965 for therapy and pain pills. Appellee's last visit to the hospital was on March 17, 1965. Dr. Hogan stated that according to his records appellee's pain had subsided on March 12th when he was discharged and that he was still improving on March 15th. After securing a release from Dr. Hogan appellee returned to work for Southern Ice on March 22, 1965. Appellee did not see a doctor again about his back until July 11, 1969, when by order of the Industrial Accident Board he saw Dr. Bray, an orthopedic surgeon in Abilene. Appellee also saw Dr. Wiggins, a chiropractor, on November 17, 1969.

Appellant presents four points of error in which it is contended that the court erred (1) in rendering judgment against appellant because the jury's finding that appellee Hope was totally disabled for a period of 200 weeks is against the great weight and preponderance of the evidence, (2) that the court erred in admitting into evidence defendant's exhibits 1 and 2, purported x-rays of Hope because such x-rays were not taken by the doctor testifying thereto; that the x-rays were not shown to have been taken in accordance with recognized standards, were not shown to be x-rays of appellee Hope, that such x-rays were not in the continuous possession of the doctor, and that statutory procedure for introduction of x-rays was not followed, (3) that the court erred in its definition of "earning capacity" accompanying Special Issue No. 7 because such definition as given constitutes a comment on the weight of the evidence, and (4) that the court erred in submitting an improper, misleading, and incomplete definition of the term "partial incapacity" accompanying Special Issue No. 4.

The jury found that appellee Hope, as a result of his March 4, 1965 injury, sustained some total disability or incapacity, and in answer to Special Issue No. 3 the duration of such total incapacity was found to be 200 weeks. We overrule appellant's first point in which it is contended that such finding is against the great weight and preponderance of the evidence. There was evidence which supports the finding of the jury and evidence contrary to such finding, but the finding was not so against the great weight and preponderance of the evidence as to be manifestly wrong.

Hope testified that at the time of the accident his back "just kind of popped"; that his back ached continually from the time of the accident, and was still aching at the time of the trial; that he took aspirin everyday to relieve the pain, but that his back still hurt him continually. Hope admitted that after the accident he began to work again in about seventeen or eighteen days, and that he has worked regularly for various employers since that time. He stated that at the time of the trial he was working forty to sixty hours per week and was receiving $2.20 per hour with time and one-half for overtime. He testified, however, that the reason he continued working in spite of the fact that his back was hurting, was economic necessity. He said that he was the sole support for his family and that he had to work to make them a living. As heretofore noted, Dr. Hogan diagnosed appellee's injury as an acute spasm of the muscles of the lum-

bar spine, an injury which clears up in a period of from three days to three weeks. Both Dr. Bray and the chiropractor Dr. Wiggins testified that appellee was not able to perform the usual and ordinary tasks of a workman by doing heavy lifting, and that he would not be able to pass a preemployment physical examination. The evidence in the case is, in our opinion, sufficient to support the finding that as a result of appellee's accidental injury he sustained 200 weeks of total incapacity, and such finding is not against the great weight and preponderance of the evidence. Aetna Casualty and Surety Company v. Depoister, 393 S.W.2d 822, (CCA.1965, Ref. n. r. e.). Universal Underwriters Insurance Company v. Bounds, 401 S.W.2d 865, (CCA.1966, Ref. n. r. e.). Travelers Insurance Company v. Buffington, 400 S.W.2d 800, (CCA.1966, Ref. n. r. e.). Texas General Indemnity Company v. Ellis, 421 S.W.2d 467, (CCA.1967, no writ hist.).

■ In appellant's second point it is contended that the court erred in admitting into evidence appellee's exhibits one and two which were purportedly x-rays of Hope. Appellant asserts that the x-rays were not admissable because they were not taken by the doctor testifying thereto, that the x-rays were not shown to be taken in accordance with recognized standards, that the x-rays were not shown to be of appellee Hope, that the x-rays were not in the continuous possession of the doctor, and that the statutory procedure for introducing x-rays was not followed. The record shows that appellee called as his medical witness Dr. Grady L. Wiggins an Abilene chiropractor. Dr. Wiggins brought with him for use during his testimony two x-rays which were purportedly x-rays of appellee Hope. Dr. Wiggins testified that the x-rays in question were made under his directions by Dr. Ollie Denton another Abilene chiropractor. He stated that Dr. Denton was a licensed chiropractor and that he was familiar with the technique of Dr. Denton in making x-rays; that such techniques were standard; that he had the same training at the same school that he, Dr. Wiggins, had; that he told Dr. Denton how he wanted the x-rays made and that such x-rays were made by Dr. Denton and accurately portrayed those portions of Mr. Hope's body that he attempted to portray. Dr. Wiggins testified that the x-rays made by Dr. Denton were ordered by him and made at his direction and under his supervision. In our opinion the court did not err in admitting such x-rays in evidence. They were made under the direction and supervision of Dr. Wiggins who testified concerning them. Travelers Insurance Company v. Williams, 355 S.W.2d 728, (CCA.1962, Ref. n. r. e.). Texas Employers Insurance Association v. Waters, 356 S.W.2d 209 (CCA.1962, Error Ref. n. r. e.).

In appellant's third point it is contended that the court erred in its submission of the definition of "earning capacity" accompanying Special Issue No. 7 because appellant asserts that the definition as given constitutes a comment on the weight of the evidence.

"'Earning Capacity,' as used herein, means ability, fitness, readiness, and willingness to work, considered in connection with the opportunity to work. It does not necessarily mean the actual earnings, or money, that one who suffers an injury is making during the time inquired about. It refers to that which, by virtue of the training, the experience, and the business acumen possessed, an individual is capable of earning.

The mere fact that a claimant works and earns money after an injury is, generally, not conclusive on the issue of his capacity to obtain and retain employment.

The mere fact that a workman worked and earned less, the same, or more, money after sustaining an injury is not conclusive on the issue of the workman's incapacity to perform labor under the law, but is evidentiary only, and is to be considered along with the other evidence in the case."

Texas General objected to this part of the charge on the grounds that (1) the definition was unnecessary, and (2) the repeated minimization of a claimant's work record and the repeated characterization of the work record as a "mere fact" constituted a comment on the weight of the evidence.

Appellant's contention that the definition of the term "earning capacity" is a comment on the weight of the evidence is based upon the court's use of the words "mere fact". In our opinion the definition is not subject to the objection urged by appellant. The use of the words "mere fact" in reference to the facts that a workman continues to work and earns as much or more money than before his injury is not a comment on the weight of the evidence. The fact that a workman does continue to work for various employers after his injury and over a period of time is paid more money than he was receiving prior to and at the time of his injury is not conclusive on the question of his "earning capacity". It is evidentiary only, and is to be taken into consideration with all the other facts and circumstances in the case. Travelers Insurance Company v. Walkovak, 390 S.W.2d 75, (CCA.1965, Ref. n. r. e.). This in effect is what the court instructed the jury in its definition of the term. Appellant's third point is overruled. Conser v. Atchison T. & S. F. Railway Company, 266 S.W.2d 587, (Sup.Ct. of Mo.1954).

We also overrule appellant's fourth point in which it is contended that the court erred in its definition of the term "partial incapacity". Substantially the same definition of "partial incapacity has been approved by other Courts of Civil Appeal with writ ref. n. r. e. Liberty Universal Insurance Company v. Gill, 401 S.W.2d 339, (CCA.1966, Ref. n. r. e.). Highlands Insurance Company v. Daniel, 410 S.W.2d 491, (CCA.1967, Ref. n. r. e.).

The judgment is affirmed.