### The HOME INDEMNITY COMPANY, Appellant,

v.

### Steve EASON, Appellee.

### No. A2846.

Court of Appeals of Texas, Houston (14th Dist.).

May 13, 1982.

Rehearing Denied June 3, 1982.

---

Mike Phillips, Boswell O'Toole, Davis & Pickering, Houston, for appellant.

Gary B. Webb, C. W. Tullis, Dudensing, Webb, Tullis & Jensen, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and ROBERTSON, JJ.

J. CURTISS BROWN, Chief Justice.

Steve Eason (Eason or appellee) sustained an injury to his lower back while lifting cases of merchandise in his capacity as a stocker for Safeway Food Stores. Pursuant to the Workers' Compensation Laws of Texas, suit was filed in the District Court against Home Indemnity Company (H.I.C. or appellant), the insurance carrier for Safeway. The case was tried before a jury resulting in a judgment in favor of Eason against H.I.C. for $35,581 in weekly benefits and $24,000 for reimbursement of medical expenses. H.I.C. perfected appeal to this Court on five points of error which present us with two questions. First, did the trial court err in overruling appellant's objection to the definition of partial incapacity included in the court's charge to the jury? Secondly, did the trial court err in admitting the medical bills of appellee into evidence? Finding no error, we affirm the trial court's judgment.

Appellee, plaintiff below, submitted to the trial court special issues and definitions necessary for recovery based on the pleadings and the proof. Among these were the following, taken verbatim from 2 State Bar of Texas, Texas Pattern Jury Charges § 22.02 (1970):

"TOTAL INCAPACITY" does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual tasks of a worker, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment.

"PARTIAL INCAPACITY" means any degree of incapacity less than total, whereby a person suffers a reduction in earning capacity.

A person cannot have both total and partial incapacity at the same time.[1]

"EARNING CAPACITY" means ability and fitness to work in gainful employment for any type of remuneration, including the salary, commissions, and all other benefits, whether or not the person is actually employed. It does not neces-

---

1. We note that this paragraph was included in Special Issue 3a instead of Special Issue 3 which contained the preceding paragraph.

sarily mean actual wages, income, or other benefits received during the period inquired about.

Appellant objected to the definition of "Partial Incapacity" and tendered the alternative definition or "long-form" definition from Texas Pattern Jury Charges as follows:

"PARTIAL INCAPACITY" is any degree of incapacity less than total incapacity, and means that a person's earning capacity is reduced because he can perform only part of the usual tasks of a workman or can only do lower-paying work than he could do before his injury, but can get and keep employment suitable to his condition.

The basis of the objection was that the Supreme Court of Texas explicitly approved this definition in *Select Insurance Co. v. Boucher*, 561 S.W.2d 474, 479 (Tex.1978).

The issue before us then becomes, is a defendant entitled to have the long-form definition of partial incapacity submitted to the jury upon objection and tender when the short-form has been tendered by the plaintiff and accepted by the court. Appellant argues that the evidence presented "raised a sharp question for the jury regarding the effect of the . . . accident on his ability to function in the work place doing sedentary or less strenuous labor." Thus, the more explicit definition was called for.

Appellant has failed to persuade this Court that the charge as a whole does not embody the intent of the Workers' Compensation Law. *Select Insurance Co. v. Boucher, supra*, while endorsing the long-form definition does not hold that it is the only acceptable definition or that the short-form definition is unacceptable. We also note the many cases in which jury charges very similar to the one before us have been approved. *See Liberty Universal Insurance Co. v. Gill*, 401 S.W.2d 339, 343 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); *Highlands Insurance Co. v. Daniel*, 410 S.W.2d 491 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.); *Texas General Indemnity Co. v. Hope*, 461 S.W.2d 481 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.).

■ We hold that when the short-form definition of partial incapacity is used with the definitions of total incapacity and earning capacity that we have before us, the jury is sufficiently instructed to determine the related fact issues under Workers' Compensation Law. Appellant's first point of error is overruled.

The remaining points of error assert inadmissibility of the medical bills of appellee. During the trial Eason identified the bills as being incurred in the treatment of his back ailment during the time period in question. Dr. Donald Nowlin then testified that the charges were reasonable, customary, and necessary. Eason took the stand again and testified that he personally received each of the bills. He further named the treatment rendered that was the basis for each.

■ Appellant argues that the contents of the bills constituted hearsay and that the bills were not proved under the business records exception. We do not agree. Appellee authenticated each of the medical charges as being incurred in relation to his back injury. This he knew from his own personal knowledge. Testimony of an injured party concerning medical expenses incurred or paid is admissible. *American Centeral Insurance Co. v. Melton*, 389 S.W.2d 177 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). However, such testimony does not establish the expenses as being reasonable and necessary. Without such a showing there can be no recovery. *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.). Dr. Nowlin's testimony as an expert provided an opinion that the medical expenses were reasonable and necessary. This testimony was also admissible. *Southwestern Bell Telephone Co. v. Thomas*, 535 S.W.2d 686 (Tex.Civ.App.—Corpus Christi 1975), affirmed in part and reversed in part on other grounds, 554 S.W.2d 672 (Tex.1977).

While all of the identification by appellee was not completed prior to Dr. Nowlin's testimony, the rulings of the court on appel-

lant's objections concerning the exhibits were conditioned on appellee's counsel offering further testimony. After appellee's second appearance on the witness stand the complete predicate was laid for the admission of the medical bills. Appellee has thus properly presented evidence on the reasonable value of necessary medical expenses incurred as a result of his injury. This evidence was sufficient to support the jury's answers to the related special issue and the judgment of the trial court. Appellant's points of error two through five are overruled.

Appellee brings one cross-point of error claiming this appeal has been prosecuted without sufficient cause and for purposes of delay only. He thus requests a ten percent penalty as authorized under Tex.R.Civ.P. 438. While we have ruled against appellant on all of his points of error, we hold that the record does not support appellee's contention. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.